**BASS PRO SHOPS, INC., Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. 69627.**

Supreme Court of Missouri,
En Banc.

March 15, 1988.

Joe C. Greene, Jeff Love, Springfield, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Justice.

Bass Pro Shops, Inc. appeals from a judgment of the Administrative Hearing Commission upholding the assessment of a deficiency by the Director of Revenue against Bass for the tax years 1978 and 1979. The issue is whether Bass may, for purposes of determining its Missouri income tax liability, apportion the income it derives from out of state mail order catalog sales. The Court concludes the income derived from such sales was produced wholly within Missouri and is not subject to apportionment. Affirmed.

The facts are stipulated. Bass Pro Shops is a Missouri corporation that sells fishing, sporting, and outdoor equipment nationwide through mail order and telephone sales. Bass is not licensed to do business in any other state, has no manufacturing facilities outside Missouri, and employs no salespersons outside the state.

Bass contracts with out of state firms to print an annual catalog and seasonal flyers which are mailed from the out of state publishers to potential customers nationwide. Through the use of out of state advertising agencies, Bass produces and purchases radio, television, and magazine advertising in other states. Bass also utilizes WATS lines and other instrumentalities of interstate commerce in making sales to its mail order catalog customers. In all out of state sales the products are shipped from Missouri to destinations outside Missouri.

Bass classified the income derived from its 1978 and 1979 mail order catalog sales as income which arose from transactions partly within and partly without the state, including one-half of this income in the numerator of the single factor formula found in *§ 143.451, RSMo 1978*. The Director of Revenue reclassified these sales as being attributable to transactions wholly within the state and ineligible for apportionment under *§ 143.451*. The Administrative Hearing Commission upheld the decision of the Director of Revenue.

*Section 143.451, RSMo 1978,*[1] states in pertinent part:

1. Missouri taxable income of a corporation shall include all income derived from sources within this state.

2. A corporation ... shall include in its Missouri taxable income all income from sources within this state, including that from the transaction of business in this state and that from the transaction of business partly done in this state and partly done in another state or states. However:

(1) Where income results from a transaction partially in this state and partially in another state or states, and income and deductions of the portion in the state cannot be segregated, then such portions of income and deductions shall be allocated in this state and other state or states as will distribute to this state a portion based upon the portion of the transaction in this state and the portion in such other state or states.

(2) The taxpayer may elect to compute the portion of income from all sources in this state in the following manner:

\* \* \* \* \* \*

(b) The amount of sales which are transactions wholly in this state shall be added to one-half of the amount of sales which are transactions partly within this state and partly without this state....

Whether a taxpayer may elect to apportion income derived from the transaction of business in interstate commerce is "based upon the 'source of income' test of *§ 143.-451* and its predecessors and the long-standing judicial interpretation thereof." *Goldberg v. State Tax Commission,* 639 S.W.2d 796, 803 (Mo. banc 1982); *Langley v. Administrative Hearing Commission,* 649 S.W.2d 216, 217 (Mo. banc 1983). The source of income has been defined as the place where the income was produced. *In Re Kansas City Star Company,* 346 Mo. 658, 142 S.W.2d 1029, 1038 (banc 1940). Unless the taxpayer employs capital or labor outside the state in its income produc-

ing transaction, the income from the transaction must be regarded as produced from a source wholly within the state. *Langley v. Administrative Hearing Commission,* 649 S.W.2d at 217–18 (Mo. banc 1983); *In Re Kansas City Star Company,* 346 Mo. 658, 142 S.W.2d 1029, 1038 (banc 1940).

Here, Bass utilized the telephone and the mails in selling products to its mail order catalog customers. Use of these instrumentalities of interstate commerce does not require the expenditure of capital or labor outside of Missouri. Bass does expend capital outside of the state by hiring out of state printers to publish and distribute its catalogs and by employing out of state advertisers to publicize its products. Capital expended in the mere solicitation of orders, however, does not rise to a level of out of state activity sufficient to establish a nexus with another state. Such expenditures alone do not constitute a significant part of the income producing transaction.

This Court concludes the income producing activities of Bass occurred wholly within Missouri and are not subject to apportionment under *§ 143.451, RSMo 1978.*

Judgment affirmed.

BLACKMAR, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

DONNELLY, J., dissents.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent because *Goldberg v. State Tax Commission,* 639 S.W.2d 796 (Mo. banc 1982), should be dispositive of this case. I would reverse the Administrative Hearing Commission.

---

1. This case arose before the adoption of *§ 144.-010.1(7) RSMo 1986* which defines a transaction as partly within and partly without the state and in commerce if the seller's shipping point is in Missouri and the purchaser's destination point is outside Missouri.