DICK PROCTOR IMPORTS, INC., a
Missouri corporation, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. 69564.

Supreme Court of Missouri,
En Banc.

March 15, 1988.

Timothy F. Noelker, Steven H. Akre, Daniel T. Engle, St. Louis, for appellant.

William L. Webster, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Justice.

Dick Proctor Imports, Inc., challenges a decision of the Director of Revenue finding deficiencies in its payment of income taxes for the period between April 1, 1978 and December 31, 1979. The issues are whether appellant was entitled to apportion income pursuant to the single factor apportionment formula contained in § 143.451.-2(2)(b), RSMo 1986, and, if so, whether it properly applied this formula to its sales for the time period in question. The Court concludes that appellant was entitled to use the single factor apportionment formula but that the case must be remanded to the Administrative Hearing Commission for the presentation of additional evidence relevant to the question of the propriety of appellant's application of the formula.

Appellant is a Missouri corporation whose main office is located in St. Louis, Missouri. It engages in the wholesale distribution of consumer electronics, such as stereos and portable radios, to retail stores and other distributors within and outside of the state of Missouri.

Approximately 65 percent of appellant's sales during the time in question were made through a network of sales representatives located throughout the United States. These sales representatives were independent contractors who exercised a great degree of freedom in making their sales. Appellant's employees trained the representatives by making sales calls with them. Sales resulting from these sales calls were credited to the sales representative even if most of the actual negotiation was done by appellant's employee. From time to time, when a customer was unable to contact its sales representative, it would call direct to the St. Louis office to place an order. Also, sales representatives and their customers occasionally came to St. Louis to preview new product lines and sales were sometimes transacted at these meetings.

Approximately 35 percent of appellant's sales were made to large customers (whose accounts were known as house accounts) serviced directly by appellant's president and two sales managers who worked out of the St. Louis office. These three employees made regular trips out of Missouri to service the house accounts. They also regularly went out of state to attend trade shows and to train and maintain contact with the sales representatives. Sales to house account customers were generally made at the customer's place of business, but were on occasion made over the telephone, at trade shows, or possibly even in St. Louis when the customer came to the new product preview. Appellant's employees apparently also made some sales to non-regular customers at trade shows.

During the time in question, as well as before and since, appellant elected to apportion its income by means of the single factor apportionment formula provided in § 143.451.2(2)(b), RSMo 1986. Under this formula, a taxpayer adds the entire "amount of sales which are transactions wholly in this state" to one-half of the "amount of sales which are transactions partly within this state and partly without this state." The sum obtained is then divided by the taxpayer's total sales. This quotient is then multiplied by the taxpayer's net income to determine "the proportion of income to be used to arrive at the amount of Missouri taxable income." In terms of a mathematical equation, the single factor apportionment formula can be reduced to:

$$\frac{\text{Amount of sales which are transactions wholly in Missouri} + \frac{1}{2}(\text{Amount of sales which are transactions partly within and partly without Missouri})}{\text{Total Sales}} \times \text{Net Income} = \text{Proportion of income to be used to arrive at the amount of Missouri taxable income}$$

The effect of a taxpayer's use of the single factor apportionment formula is to reduce its tax burden if it has engaged in any sales which can be characterized as transactions partly within and partly without Missouri.

Following an audit conducted by a representative of the Missouri Department of Revenue, the Director of Revenue determined that the sales made by appellant during the period in question which had been reported as being transactions partly within and partly without Missouri were actually transactions wholly within Missouri. As all appellant's sales were deemed to be transactions wholly within Missouri, the Director concluded appellant was not entitled to apportion its income pursuant to the single factor apportionment formula. Accordingly, an assessment against appellant of additional state income tax was upheld.

Appellant appealed the Director's decision to the Administrative Hearing Commission. The Commission held that at least some of the challenged sales were, in fact, transactions partly within and partly without Missouri and that appellant was thus eligible to use the single factor apportionment formula. The Commission further held, however, that there was insufficient evidence to determine what portion of appellant's sales could be characterized as transactions partly within and partly without Missouri. Thus, the Commission concluded that appellant had failed to carry the burden, placed on taxpayers by § 143.-661, RSMo 1986, to prove that the tax imposed on any specific transaction was improper. Because appellant had failed to carry its burden of proof, the assessment against appellant was upheld.

A decision of the Administrative Hearing Commission shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record unless a mandatory procedural safeguard has been violated or the court concludes that the result is contrary to the reasonable expectations of the General Assembly. Section 621.193, RSMo 1986.

The initial issue here is whether appellant was eligible to use the single factor apportionment formula. Taxpayers are eligible to do so when some of their sales are transactions partly within and partly without Missouri. If a sale occurred prior to January 1, 1980, the "source of income" test is used to determine the nature of a sale.[1] See Goldberg v. State Tax Comm'n, 639 S.W.2d 796, 803 (Mo. banc 1982). Under this test a sale is a transaction partly within and partly without Missouri if the taxpayer has used labor or capital outside Missouri in the transaction. Langley v. Administrative Hearing

1. Section 144.010.1(7)(b), RSMo 1986, which became effective January 1, 1980, defines when a sale occurring on or after that date is a transaction partly within and partly without Missouri.

*Comm'n,* 649 S.W.2d 216, 217–18 (Mo. banc 1983).

The predominant portion of appellant's challenged sales were made either by appellant's sales representatives or to house accounts serviced directly by appellant's employees. With respect to the sales of the sales representatives to customers located out of Missouri, appellant did use labor outside Missouri. Though the sales representatives were independent contractors, their labor outside Missouri in making sales for appellant is to be treated just as if it was the labor of appellant's employees. *In re Kansas City Star Co.,* 346 Mo. 658, 675, 142 S.W.2d 1029, 1039 (banc 1940). The sales representatives made periodic visits to their customers' places of business to show appellant's products, to negotiate prices, and to enter into sales contracts. Thus, these sales were transactions partly within and partly without Missouri. Those sales made to out of state customers during the joint sales calls by sales representatives and appellant's employees were also transactions partly within and partly without Missouri because the labor of each was performed outside of Missouri.

Even those sales by the sales representatives to out of state customers which were consummated in St. Louis at the product previews are to be characterized as transactions partly within and partly without Missouri. In determining whether a sale can be so characterized, the entire transaction is examined. *Goldberg,* 639 S.W.2d at 803. A transaction consists of " 'a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.' " *Artophone Corp. v. Coale,* 345 Mo. 344, 355, 133 S.W.2d 343, 348 (1939) (quoting *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926)). The sales by the sales representatives to out of state customers concluded in St. Louis would not have come to fruition had not the sales representatives been in regular contact with the customers at their places of business. The customers would not have been in St. Louis previewing new products if they had not been prompted to do so by the sales representatives. Thus, these sales rested on a foundation of labor performed outside Missouri. Likewise, sales made when an out of state customer, after not being able to contact its sales representative, called directly to St. Louis to order merchandise are also to be characterized as transactions partly within and partly without Missouri. The customer's call would not have been made but for the preexisting out of state labors of the sales representative.

With respect to appellant's sales to its out of state house account customers appellant also employed labor outside Missouri. Appellant's employees made regular visits to these customers' places of business to tout appellant's products and to negotiate sales contracts. Because appellant employed labor outside Missouri to generate these sales, they are transactions partly within and partly without Missouri. Those sales to out of state house account customers which were consummated in Missouri are also transactions partly within and partly without Missouri. As discussed above with respect to the sales of sales representatives, the sales to out of state house account customers which were concluded in this state would not have been made without the preexisting out of state labors of appellant's employees in servicing those house accounts. If the house account customers were not satisfied with the service they were receiving they would not have made calls direct to St. Louis to order merchandise or have come to Missouri to settle sales contracts with appellant.

Because appellant had sales which were transactions partly within and partly without Missouri, it was eligible to use the single factor apportionment formula. That portion of the Administrative Hearing Commission's decision which held that appellant was eligible to use this formula is affirmed.

The next question then is whether appellant correctly applied the single factor apportionment formula to its sales for the

time period in question. It appears from the record that nearly all, if not all, the sales appellant reported as being transactions partly within and partly without Missouri were made by the sales representatives to out of state customers or by appellant's employees to out of state house account customers. If all these sales did fall into these two categories then it was proper for appellant to include them in the single factor apportionment formula at fifty percent and appellant's application of the formula would be correct. However, there was some uncertainty in the testimony for appellant concerning just what sales were included by its accountant in the formula at fifty percent.

■ It appears possible that sales made at out of state trade shows to Missouri companies could have been included in the formula at fifty percent. Such sales are not transactions partly within and partly without Missouri because there would not be sufficient connection with the other state to justify such treatment. *Cf. Bass Pro Shops, Inc. v. Director of Revenue,* 746 S.W.2d 97, 98 (Mo. banc 1988) (money spent out of Missouri in the mere solicitation of orders is not sufficient connection with another state to permit taxpayer's use of the single factor apportionment formula). Given the uncertainty as to the accountant's reporting of appellant's sales, there may also have been other types of sales which appellant reported as transactions partly within and partly without Missouri which did not deserve that characterization.

The Administrative Hearing Commission was correct in finding that the evidence was not sufficient to establish the precise amount of appellant's sales which were transactions partly within and partly without Missouri. The Commission's refusal to permit appellant to include any of its sales at fifty percent in the single factor apportionment formula, however, is inconsistent with the Commission's holding that some portion of appellant's sales were transactions partly within and partly without Missouri. The refusal to allow appellant to

benefit from the formula is not supported by competent and substantial evidence.

■ Although appellant's evidence did not establish the precise amount of its sales which were partly within and partly without Missouri, it did unequivocally establish that a large portion of the sales appellant reported as being transactions partly within and partly without Missouri were, in fact, properly reported. Thus appellant fulfilled its burden of proving its entitlement to some benefit from the single factor apportionment formula. Because appellant carried this burden of proof, it must be permitted to include some portion of its sales in the formula at fifty percent. *Cf. Ellis Banking Corp. v. Commissioner of Internal Revenue Serv.,* 688 F.2d 1376, 1383 (11th Cir.1982) (taxpayer entitled to some deduction for business expenses despite its failure to prove exact amount of expenses), *cert. denied,* 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1388 (1983). Thus, the portion of the Administrative Hearing Commission's decision which denied the inclusion of any of appellant's sales at fifty percent under the formula is reversed and the case is remanded to the Commission for its determination as to the amount of appellant's sales which must be included in the formula at fifty percent. This determination need not be speculative because evidence shedding light on the exact nature and amounts of appellant's sales should be obtainable from appellant's accountant. On remand the parties shall be given the opportunity to present additional evidence on this issue. *See Rotary Drilling Supply, Inc. v. Director of Revenue,* 662 S.W.2d 496, 501 (Mo. banc 1983) (Court ordered case remanded for the production of further evidence as to the use to which certain drilling rigs were put). If, after the presentation of the additional evidence, the precise amount of appellant's sales which are transactions partly within and partly without Missouri is still uncertain, the Commission shall make as close an approximation as it can. Doubt may be resolved against appellant at whose door the uncertainty can be laid.

The decision of the Administrative Hearing Commission is affirmed in part and reversed in part and the case is remanded for further proceedings consistent with this opinion.

BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

DONNELLY, J., concurs in result.