**H. Matt DILLON, d/b/a Home Satellite Systems, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 41519.**

Missouri Court of Appeals,
Western District.

Oct. 3, 1989.

Randall W. Cain, Lee's Summit, for appellant.

William L. Webster, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

CLARK, Presiding Judge.

This appeal follows a decision by the Administrative Hearing Commission which affirmed an assessment of unpaid sales tax in the amount of $10,336.04 against H. Matt Dillon. The claim made here is that the case should be remanded to the commission for rehearing to receive evidence by Dillon entitling him to exemption from the tax.

The record in the case shows that the Missouri Director of Revenue conducted an audit of Dillon's business enterprises and concluded that sales taxes had been underpaid for periods in the years 1983 and 1984. Dillon appealed the assessment to the administrative hearing commission, as authorized by § 621.050,[1] and a hearing was held

1. All statutory references are to RSMo 1986.

August 22, 1986. Dillon appeared at the hearing represented by counsel. Based on the evidence presented, the commission entered its order on December 9, 1988 affirming the assessment. Notice of appeal to this court was filed January 4, 1989.

We first take up the question of jurisdiction of this appeal, an issue which arises because of the jurisdictional statement in appellant's brief. Appellant there says that the appeal "involves the construction of a Revenue Law of the State" and on this account, jurisdiction of the appeal lies in the court of appeals. Art V, § 3 of the Constitution of Missouri provides that the supreme court shall have exclusive appellate jurisdiction in all cases involving the construction of the revenue laws of the state and, therefore, if appellant's jurisdictional statement is correct, this appeal is improperly before this court.

As best the contentions in appellant's brief may be summarized, it appears that his claim of aggrievance is that he has evidence which was not presented to the administrative hearing commission supporting his claim of exemption from sales tax and he seeks remand of the case to the commission for rehearing so that he may present the evidence. A claim of that nature quite apparently does not involve a construction of the revenue laws. This court therefore is not obligated to transfer the case to the supreme court, as appellant's jurisdictional statement would require. We have jurisdiction because the case is not one in which exclusive appellate jurisdiction is vested in the supreme court.

Turning to the facts of the case, it appears that during the time period covered by the department audit, Dillon operated two businesses, the H. Matt Dillon Auction Services and Midwest Home Satellite Systems, both from premises in Sedalia. In the auction business, Dillon sold personal property both at his own location and at residences and farms. The satellite business involved the sale and installation of television antennae. The audit disclosed that sales tax had not been remitted on a

substantial volume of Dillon's sales from both businesses. The non-payment of tax was not disputed. Dillon contended, however, that the auction sales were exempt from sales tax because as auctioneer he was acting for disclosed principals, not on his own account, and the sales were partial or complete liquidations of a home, farm or business enterprise. In the case of sales taxes attributed to the satellite business, the claim was that sales were to purchasers having exemption certificates.

At the hearing before the administrative hearing commission, the representative of the department of revenue testified that Dillon had made no records available to show the identity of disclosed principals for whom auction sales were conducted, no proof that the identity of such principals was advertised or published at the time of the sales and that Dillon had retained no exemption certificates to establish that sales from the satellite business were exempt from tax. Evidence presented by Dillon consisted only of his unsubstantiated testimony as to the nature of his auction business and the circumstances of certain transactions in the satellite business. The hearing commissioner found Dillon's testimony to be unworthy of belief and the tax assessments were affirmed.

To the extent the merits of the assessment may be in issue, the following authorities are applicable.

■ A decision of the Administrative Hearing Commission shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record unless a mandatory procedural safeguard has been violated or the court concludes that the result is contrary to the reasonable expectations of the General Assembly. *Dick Proctor Imports v. Director of Revenue,* 746 S.W.2d 571, 573 (Mo. banc 1988).

The burden of proving that a sale of tangible personal property was not a sale at retail upon which sales tax is due is upon the person who made the sale and exemp-

tion certificates signed by the purchaser at non-retail sales, or his agent, must be kept by the seller to substantiate an exemption from sales tax. Section 144.210.

When the auctioneer or other agent acting for a disclosed principal does not maintain evidence in his files, such as a sale bill or advertising, that the principal was disclosed, the auctioneer will be treated as acting for an undisclosed principal. 12 C.S.R. 10–3.014(3), (rescinded September 11, 1983).[2]

Every person, such as an auctioneer, factor, broker or agent, acting for any unknown or undisclosed principal, who sells tangible personal property at public or private auction, is subject to the sales tax and must be registered with the Department of Revenue, 12 C.S.R. 10–3.012(1), (rescinded September 11, 1983).

An auctioneer, broker, or agent, acting for any unknown or undisclosed principal, who sells tangible personal property at public or private auction, is subject to sales tax and must be registered with the Department of Revenue, because such auctioneer, broker, or agent is considered the seller of the tangible personal property. 12 C.S.R. 10–3.012(6).

■ In this case, when Dillon failed to produce any evidence of sales bills or other documentation showing the names of the alleged principals for whom he acted in conducting auction sales, he failed to sustain the burden of proving exemption of auction sales receipts from tax and the commission had no alternative but to sustain the assessments. When Dillon also failed to produce signed exemption certificates verifying tax exempt sales by the satellite business, he was in violation of § 144.210 and the commission was therefore obligated to sustain the assessments. The record reveals no error in these respects.

In this appeal, Dillon tacitly recognizes that the decision by the commission was in accordance with the evidence presented.

---

**2.** The periods in question under the audit here were both prior and subsequent to September 11, 1983.

He contends, however, that evidence to compel a different result was and is available and was mistakenly reserved on advice of counsel who erroneously believed that appeal of the commission decision could be taken to the circuit court for a new evidentiary hearing. Dillon says the commission erred when it did not grant him a rehearing. He does acknowledge that no request was made by him to the commission for rehearing but claims this was the fault of the commission in failing to instruct him that rehearing could be granted.

These points raise the question of what the responsibility may be of a party to a cause before the administrative hearing commission in preservation of error related to post-decision matters in the light of *Eleven Star, Inc. v. Director of Revenue,* 764 S.W.2d 521 (Mo.App.1989).

■ In *Eleven Star,* this court held that the administrative hearing commission had jurisdiction within the thirty day period following the date of a decision to act on a motion to set aside a dismissal. The sense of the opinion was that the commission retains jurisdiction over the cause until a petition to the court of appeals for review under § 621.189 is filed or until thirty days have elapsed, whichever first occurs. Any time attributable to pendency of the petition for review is not chargeable against the thirty day limitation if the petition for review is filed prior to the thirtieth day after the decision. Thus, in *Eleven Star,* time remained after the remand for the commission to act on the appellant's motion to set aside the dismissal of the petition.

The point of error in *Eleven Star* was the commission's ruling that it lacked jurisdiction to rule on the motion after it had rendered a decision in the case to enter a dismissal. Obviously, the post-decision motion by *Eleven Star* to set aside the dismissal established the record on which this court could rule the jurisdiction question. Had *Eleven Star* filed no post-decision motion, the case would have presented no issue for review.

It is true that no provision is made in the statutes for after-trial motions in matters heard by the administrative hearing commission and that the rules of civil procedure, particularly Rule 78 applicable to motions for new trial, do not apply to the administrative hearing commission. *Dorrell Re–Insulation v. Director of Revenue,* 622 S.W.2d 516 (Mo.App.1981). Error in the commission's decisions is reviewable on the petition for review in this court without reference to preservation by a post-decision motion. This is not such a case.

■ In those situations, such as was found in *Eleven Star,* however, the complaint of error is not in the decision itself or in the hearing process, but in the events which occurred after the decision. Accepting the proposition that the commission had jurisdiction to consider and rule on a motion by Dillon to reconsider its decision based on proffered additional evidence Dillon had to present, an assumption the holding in *Eleven Star* requires, the failure by Dillon to file a motion for reconsideration leaves the cause barren of any issue to review. What Dillon seeks here is for this court to consider the reasons for his failure to present available evidence to the commission and to decide that his neglect was excusable and order a rehearing. The claim is not cognizable in this court under the review process described in § 621.189 because it asserts no error in a decision, order or ruling made by the commission.

Allegations Dillon could have asserted in a rehearing motion or evidence he could have offered but did not are irrelevant to resolution of this appeal. The court is bound by the record on appeal. If the evidence before the commission was competent and substantial and supports the commission's decision, the decision must be affirmed. No new evidence may be considered and we may not speculate on what the decision might otherwise have been on different evidence.

Dillon also contends the commission erred because "it failed to extend to appellant the opportunity for rehearing in that good cause existed for rehearing of this matter before the commission." The argument cites no authority for the proposition which seems to place on the commission an obligation Dillon failed to assume, that is to

develop and present facts explaining Dillon's own failure to present his defense to the tax assessment. The contention suggests no means by which the commission could have learned of the explanation now presented for the lapse of Dillon's proof and no statute or rule which places any duty on the commission to advise litigants that they may file post-decision motions. The point is lacking in any arguable merit or substance.

The petition for review of the decision affirming the assessment of sales taxes against appellant lacks any merit. The decision is affirmed.

All concur.