**JAY WOLFE IMPORTS MISSOURI, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. SC 89568.

Supreme Court of Missouri, En Banc.

May 5, 2009.

Bruce C. Davison, Sonnenschein Nath & Rosenthal LLP, Kansas City, MO, for Appellant.

Chris Koster, Atty. Gen., James R. Layton, Office of Mo. Atty. Gen., Jefferson City, MO, for Respondent.

MARY R. RUSSELL, Judge.

At issue in this case is whether a Missouri car dealership owes less income tax for sales made in Missouri to out-of-state customers. The Administrative Hearing Commission rejected the dealership's contention that it is entitled to apportion its income for taxation purposes under section 143.451.2(2)(b), RSMo 2000,[1] as it found that the dealership's sales to out-of-state customers were taxable as sales wholly within Missouri. As such, it found that the dealership owed additional Missouri corpo-

---

1. All statutory references are to RSMo 2000.

rate income tax, plus interest accrued, for the tax years 2002, 2003, and 2004. This Court affirms the Commission's decision.[2]

## I. Background

Jay Wolfe is an auto dealership with its sole sales facility in Kansas City, Missouri. Its vehicle sales are conducted and completed at its Kansas City facility, and buyers take possession of their purchased vehicles there.[3] Most of Jay Wolfe's customers are Missouri or Kansas residents. At numerous points in its sales process, Jay Wolfe confirms the address of a customer purchasing a vehicle. Jay Wolfe assumes that a customer taking possession of a vehicle purchased at its Kansas City facility then drives the vehicle to the address its records show for that customer. Using this address information, it determines whether its sale of a vehicle should be classified as a sale to a Missouri customer or a non-Missouri customer for purposes of calculating its Missouri income tax liability. Jay Wolfe calculates a reduced tax liability on its sales to non-Missouri customers, as it does not consider these sales taxable as occurring wholly within Missouri. Instead, for purposes of computing its income subject to Missouri corporate income tax, Jay Wolfe considers its sales to non-Missouri customers as sales done "partly within this state and partly without this state," as defined in section 143.451.2(3)(b).

The Director of Revenue conducted an audit of Jay Wolfe's tax returns for 2002, 2003, and 2004 and determined that all of its vehicle sales, including those to non-Missouri customers, should be classified as occurring wholly within Missouri for pur-

poses of calculating its corporate income tax. Jay Wolfe protested the Director's decision, arguing that it is entitled under sections 143.451.2(2)(b) and 143.451.2(3)(b) to apportion its income to account for its sales to non-Missouri residents.

The Commission ultimately found for the Director, and Jay Wolfe appeals the Commission's decision.

## II. Standard of Review

This Court reviews the Commission's interpretation of revenue laws *de novo*. *Six Flags Theme Parks, Inc. v. Dir. of Revenue*, 102 S.W.3d 526, 527 (Mo. banc 2003). The Commission's factual determinations are upheld if supported by law and, after reviewing the whole record, there is substantial evidence to support them. *Id.*

## III. Jay Wolfe was not entitled to section 143.451.2(2)(b) apportionment

Missouri corporations are subject to income tax on "all income derived from sources within this state." Section 143.451.1. Section 143.451.2 explains that such income includes income from the transaction of business in this state and from business partly done in this state and partly done in another state or states. Under section 143.451.2(2)(b), however, a corporation may elect to compute a reduced taxation on the portion of its income from its transactions done "partly within this state and partly without this state." This computation method is referred to as the "single-factor method of apportion-

**2.** This Court has jurisdiction to review the Commission's decision pursuant to Missouri Constitution article V, section 3, as the case involves construction of the state's revenue laws.

**3.** The Commission noted that, in all but rare circumstances, buyers picked up purchased vehicles at the Kansas City facility.

ment,"[4] and it is the computation method Jay Wolfe used on its 2002, 2003, and 2004 Missouri corporate income tax returns that are at issue in this case.

The Commission found that Jay Wolfe cannot apportion its income pursuant to section 143.451.2(2)(b) because it concluded that all of Jay Wolfe's income-producing activities occurred in Missouri. It determined that apportionment is for corporations that do business in more than one state and must find a way to divide their income among those states for taxation purposes. In addition to highlighting that all of Jay Wolfe's income was derived solely from sales at its Missouri facility, the Commission also noted that Jay Wolfe pays no corporate income tax outside Missouri.

Jay Wolfe asserts that the Commission wrongly imposed the precondition that Jay Wolfe do business outside Missouri in order to apportion its income. It also argues that the Commission wrongly applied Missouri's traditional "source of income" analysis to its case, as it contends that a "source of income" analysis is not a "threshold determination" for determining the availability of section 143.451.2(2)(b) apportionment.

■ The "source of income" analysis applied by the Commission has been Missouri's "longstanding construction" of its corporate taxation scheme. *Goldberg v. State Tax Comm'n,* 639 S.W.2d 796, 801 (Mo. banc 1982). "The source of income has been defined as the place where the income was produced." *Bass Pro Shops, Inc. v. Dir. of Revenue,* 746 S.W.2d 97, 98 (Mo. banc 1988). Under the source of income concept, income produced outside Missouri is not subject to Missouri taxa-

tion. *Med. Shoppe Int'l, Inc. v. Dir. of Revenue,* 156 S.W.3d 333, 337 (Mo. banc 2005). The "source of income" inquiry permits a corporation to apportion its taxable income only where it can show it had income from outside Missouri. *See, e.g., id.; Dick Proctor Imps., Inc. v. Dir. of Revenue,* 746 S.W.2d 571, 573–74 (Mo. banc 1988). In *Dick Proctor,* for example, this Court stated: "The initial issue here is whether [the corporate taxpayer] was eligible to use the single factor apportionment formula," which was available where the company had transacted sales "partly within and partly without Missouri." 746 S.W.2d at 574.

A corporation must have non-Missouri source income before it can elect section 143.451.2(2)(b) apportionment because section 143.451.1 instructs that taxable income is that income "derived from sources within this state." *See Med. Shoppe,* 156 S.W.3d at 337 ("The language of section 143.451 is clear that only income from sources entirely within or partially within Missouri is subject to Missouri corporate income taxation."). Accordingly, this Court finds no error in the Commission's continued practice of making a "threshold determination" about the corporate taxpayer's eligibility to apportion its income.

Jay Wolfe, however, maintains that it is entitled to apportion its income based on its sales to non-Missouri customers. Despite the fact that all of its sales transactions were completed in Missouri, Jay Wolfe contends that its sales to non-Missouri customers meet the definition of sales "partly within this state and partly without this state" under section 143.451.2(3)(b).

Section 143.451.2(3)(b) provides that sales "partly within this state and partly

---

4. Apportionment refers to determining the taxable income of a corporation operating in Missouri and some other state. The term

"single-factor" is used because this computation method considers only the corporation's sales.

without this state" occur "if the seller's shipping point is in this state and the purchaser's destination point is outside of this state, or the seller's shipping point is outside this state and the purchaser's destination point is in this state." Jay Wolfe interprets section 143.451.2(3)(b) to define its sales to non-Missouri customers as sales "partly within this state and partly without this state" based on its assumption that a non-Missouri customer's "destination point" for its purchased vehicle is the customer's non-Missouri address provided during the sales transaction.

But Jay Wolfe cannot apply section 143.451.2(3)(b) to its sales to non-Missouri customers because the statute requires a "shipping point" to apply. Jay Wolfe is not a Missouri business that sells tangible property to a buyer for delivery in another state. It is not in the business of "shipping" out-of-state customers' vehicles purchased from its Missouri facility; rather, its non-Missouri customers complete their sales transactions and take possession of their purchased vehicles in Missouri.

In *Bass Pro Shops,* this Court determined that a company's use of "instrumentalities of interstate commerce" did not entitle it to apportionment where the company's income-producing activities occurred wholly in Missouri. 746 S.W.2d at 98. Similarly, while Jay Wolfe's sales to non-Missouri customers demonstrate its participation in interstate commerce, they do not convert to section 143.451.2(3)(b) transactions partly done out-of-state simply because non-Missouri customers may take their purchased vehicles to their out-of-state addresses.

Under the facts in this case, the Commission properly concluded that Jay Wolfe's income was "derived from sources within" Missouri. As such, the Commission did not err in finding that Jay Wolfe was not entitled to apportion its income pursuant to section 143.451.2(2)(b).

### IV. Conclusion

The Commission's decision upholding the Director of Revenue's tax assessment is affirmed.

All concur.