ALUMAX FOILS, INC., et al., Appellants,

v.

The CITY OF ST. LOUIS,
et al., Respondents.

No. 79019.

Supreme Court of Missouri,
En Banc.

Feb. 25, 1997.

As Modified on Denial of Rehearing
March 25, 1997.

Louis R. Mills, Robert C. Johnson, Diana M. Schmidt, St. Louis, for Appellants.

Tyrone A. Taborn, City Counselor, Edward J. Hanlon, Deputy City Counselor, Patricia Wendling, Assistant City Counselor, St. Louis, for Respondents.

ROBERTSON, Judge.

Sections 23.41.010 to .060, St. Louis, Missouri, Revised Code (1994), requires that certain industrial and commercial enterprises pay a "Natural Gas Transportation License Fee" for the privilege of purchasing natural gas outside the City of St. Louis ("the City") and consuming that gas within the City. Appellants challenge the validity of the ordi-

nance on numerous statutory and constitutional grounds. The circuit court upheld the validity of the ordinance. *Sua sponte,* we consider our jurisdiction to consider this appeal, hold that the City ordinance in question is not "a revenue law of this state," and conclude that this Court does not have the exclusive appellate jurisdiction over the issues presented in this case the constitution requires. Mo. Const. art. V, § 3. The cause is, therefore, transferred to the Court of Appeals, Eastern District, where jurisdiction over this appeal properly lies. Mo. Const. art. V, § 11.

**I.**

Appellants[1] are engaged in a variety of industrial and commercial enterprises within the City of St. Louis. Appellants purchase natural gas for their business purposes from vendors outside the City and, in most cases, outside of the state of Missouri. Appellants consume the gas within the City in pursuit of their industrial and commercial activities.

In 1991, the City adopted an ordinance designated number 62204 and codified as §§ 23.41.010 to .060. The ordinance imposed a "Natural Gas Transportation License Fee" on entities that purchase natural gas from sources outside the City for industrial or commercial use in the City. The City set the license fee at 11 percent of the cost to the purchaser of the natural gas used in the City. The City's ordinance applies to appellants.

Appellants claim that the City lacks authority to impose the license fee under art. Mo. Const. VI, § 19(a) and § 92.045, RSMo 1996, that 15 U.S.C. §§ 717–717(z), the federal Gas Transportation Tax, preempts the City from imposing its own gas transportation tax, and that the City's license fee violates the Commerce Clause of the United States Constitution. U.S. Const. art. I, § 8. In addition to a declaration that the City cannot impose this license fee, appellants also seek recovery of amounts previously paid

1. Alumax Foils, Inc., American National Can Company, Anheuser–Busch Companies, Inc., Continental Baking Company and its corporate successor, Interstate Brands Corp., Monsanto Company, Ralston Purina Company, Seven Seventeen HB St. Louis Redevelopment Corp. d/b/a Adam's Mark Hotel, The Dial Corporation, Paulo Products Company, Petroleum Fuel & Terminal Co., PreCoat Metals Division of Sequa Corporation, PQ Corporation, Nooter Corporation and Lincoln Industrial Division McNeil Corporation.

under the ordinance. The trial court found the ordinance valid. This appeal followed.

## II.

This Court is a court of limited appellate jurisdiction. Mo. Const. art. V, §§ 3 and 10; *Kuyper v. Stone County Commission*, 838 S.W.2d 436, 437 (Mo. banc 1992). In every case it is incumbent on the Court to determine its jurisdiction before reaching the merits of an appeal.

The constitution limits our "exclusive appellate jurisdiction" to the kinds of cases set out in article V, section 3; among the cases that fall within that jurisdiction are those involving "the construction of the revenue laws of this state." Mo. Const. art. V, § 3.

Appellant's jurisdictional statement reads: This action is one involving, *inter alia,* the questions of whether either Article VI Section 19(a) of the Missouri Constitution or Section 92.045 RSMo permitted the adoption of CITY OF ST. LOUIS, MO., REV.CODE § 23.41.010–.060 (1994) (hereinafter "Ordinance No. 66204")—which imposes a so-called "license fee" on those who purchase natural gas outside of the City of St. Louis and use it within the City of St. Louis for commercial or industrial use [footnote omitted]—and, if so, whether the Missouri Constitution or the statute as so construed violates either the Interstate Commerce Clause of the United States Constitution, U.S. CONST. art. I, § 8, or the Supremacy Clause of the United States Constitution, U.S. CONST. art. VI, and hence this action involves both the construction of a revenue law of this State and the validity of a statute of this State.

Article VI, section 19(a) of the Missouri Constitution states that "[a]ny city which . . . has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city. . . ." Section 92.045 authorizes any constitutional charter city "to license, tax, and regulate the occupation of merchants, manufacturers, [etc.] . . . ."

The constitutional phrase "construction of the revenue laws of this state" assigns original appellate jurisdiction to this Court when each of the three separate elements are present: (1) construction; (2) of revenue laws; (3) of this state. The construction element is not at issue as we consider our jurisdiction in this case.

A "revenue law" directly creates or alters an income stream to the government that imposes a tax or fee on property owned or used or an activity undertaken in that government's area of authority. Thus, a revenue law either establishes or abolishes a tax or fee, changes the rate of an existing tax, broadens or narrows the base or activity against which a tax or fee is assessed, or excludes from or creates exceptions to an existing tax or fee.

Neither article VI, section 19(a) nor section 92.045 purports to establish or abolish a tax or fee, change the rate of an existing tax or fee, broaden or narrow the base or activity against which an existing tax or fee is assessed, or exclude any property or activities from or define exceptions to a tax or fee. Both provide authority to constitutional charter cities to raise revenue by establishing local taxes in a manner consistent with state law and the authority of the City's charter. Neither article V, § 19(a) nor section 92.045 directly produces revenue for the City or the state. Thus, neither article VI, section 19(a) nor section 92.045 is a revenue law. To the extent that *Petrolene, Inc. v. City of Arnold*, 515 S.W.2d 551 (Mo.1974), holds otherwise, it is overruled.

A revenue law "of the state" is a law adopted by the general assembly to impose, amend or abolish a tax or fee on all similarly-situated persons, properties, entities or activities in this state, the proceeds of which are deposited in the state treasury. This definition is consistent with the definition of "nonstate" funds found in article IV, section 15 of the Missouri Constitution. ("[T]he term 'nonstate funds' shall include all taxes and fees imposed by political subdivisions and collected by the department of revenue; all taxes which are imposed by the state, collected by the department of revenue and distributed by the department of revenue to political subdivisions....")

■ A law that raises revenue only within a single political subdivision for the benefit of that political subdivision at the direction of the legislative body or the voters of the political subdivision is not a revenue law "of the state."

■ Ordinance no. 62204 is a revenue law. It is not, however, a revenue law of the state. The fact that a city may exercise its broad authority to adopt local revenue laws that may offend the constitution does not render the state laws granting the city broad, general authority to raise revenue unconstitutional. Nor may a city's actions transform the state constitutional and statutory provisions that merely grant a constitutional charter city authority to raise revenues, into revenue laws of the state for purposes of this Court's exclusive appellate jurisdiction.

In this case, the City of St. Louis adopted ordinance no. 62204. It is a revenue law. It is not a revenue law of the state. There is no revenue law of the state at issue in this case. This Court does not have jurisdiction to consider this case.

We transfer the case to the Court of Appeals, Eastern District. Mo. Const. art. V, § 11.

HOLSTEIN, C.J., and BENTON, PRICE, LIMBAUGH and COVINGTON, JJ., concur.

WHITE, J., not sitting.

### On Motion for Rehearing

In their motion for rehearing, appellants assert that we were mistaken in refusing jurisdiction in this case for two reasons: First, despite the holding in the court's opinion, they insist that their challenge to the municipal ordinance in this case involves a revenue law of this state. To support this conclusion appellants cite a series of cases in which this Court assumed jurisdiction of cases involving municipal ordinances raising local revenue. *Long v. City of Independence,* 360 Mo. 620, 229 S.W.2d 686 (1950); *City of Berger ex rel. Dieterle v. La Boube,* 260 S.W.2d 527 (Mo.1953); *General Installation Co. v. University City,* 379 S.W.2d 601 (Mo. banc 1964); *Kirkwood Drug Co. v. City of Kirkwood,* 387 S.W.2d 550 (Mo.1965); *City of*

*Cape Girardeau v. Harris Truck & Trailer Sales,* 521 S.W.2d 425 (Mo.1975); *Kansas City v. Rosehill Gardens, Inc.,* 542 S.W.2d 776 (Mo. banc 1976); *City of Warrensburg v. Board of Regents,* 562 S.W.2d 340 (Mo. banc 1978); *Adams v. City of St. Louis,* 563 S.W.2d 771 (Mo. banc 1978); *Mobil–Teria Catering Co. v. Spradling,* 576 S.W.2d 282 (Mo. banc 1978); *Allstate Distributors, Inc. v. Norfleet,* 750 S.W.2d 73 (Mo. banc 1988); *The David Ranken Jr. Technical Institute v. Boykins,* 816 S.W.2d 189 (Mo. banc 1991). We are, of course, aware of those cases and, by our opinion in this case, believe that they are not consistent with the plain language of the constitution. To remove any doubt about our holding, the listed cases are overruled to the extent that they silently acquiesce to this Court's jurisdiction or directly interpret the constitution to permit this Court to assume exclusive appellate jurisdiction where construction of a municipal revenue ordinance is at issue. Mo. Const. art. V, § 3.

■ Second, appellants argue that they offered an alternative basis for this Court's exclusive appellate jurisdiction. They claim that their appeal involves the constitutional validity of a statute or provision of the constitution of this state, issues over which this Court exercises exclusive appellate jurisdiction. Mo. Const. art. V, § 3. We believe we answered this argument in the initial opinion, but must have done so too subtly.

Appellants' argument proceeds along this syllogism.

a. Section 92.045, RSMo 1994, and article VI, section 19(a) of the Missouri Constitution authorize the City of St. Louis to adopt and enforce Ordinance No. 66204.

b. The City of St. Louis has exercised the power granted by the statute and the state constitution in a way that violates the Commerce Clause and/or the Supremacy Clause of the United States Constitution by its adoption of Ordinance No. 66204.

c. Therefore, section 92.045 and article VI, section 19(a), are unconstitutional.

Appellants' syllogism adopts the fallacy of false cause (non causa pro causa), confusing what is not the cause for its real cause.

Staying as close as possible to appellants' arguments, section 92.045 and article VI, section 19(a), are not unconstitutional unless the Commercial Clause or the Supremacy Clause forbids state governments from delegating portions of their authority to political subdivisions. No one makes that claim here. The statute and the state constitutional provision under scrutiny are neutral as to Commerce Clause and Supremacy Clause issues. Thus, the focus of the inquiry cannot be the state constitution or the state statute. The proper focus is, instead, whether the municipality exercised its constitutionally neutral authority in an unconstitutional way. A claim that the municipality exercised its otherwise constitutional authority in a manner that offended the constitution does not make the state's grant of authority to the city unconstitutional. Said another way, the state law does not cause—it only permits—the city to pass its ordinance, whether the ordinance is constitutional or not. Therefore, the state law is not the cause of the constitutional violation.

 The grant of authority to this Court to exercise exclusive appellate jurisdiction over questions involving the validity of a statute or constitutional provision is limited to claims that the state law *directly* violates the constitution—either facially or as applied. Claims that municipal ordinances are constitutionally invalid are not within the exclusive appellate jurisdiction of this Court. We may, of course, review such claims on transfer. Mo. Const. art. V, § 10. Under our constitutional scheme, however, the court of appeals has the jurisdiction initially to consider such issues on appeal.

With what we hope is a clarification of the Court's holding on the important jurisdictional issues raised in this case, the motion for rehearing is overruled and the case is transferred to the Court of Appeals, Eastern District. Mo. Const. art. V, § 11.