STATE of Missouri ex rel. SGI HO-TELS, L.L.C., d/b/a Seven Gables Inn, HEF 1–STL No. 1 L.L.C., d/b/a The Ritz–Carlton St. Louis, and Cheshire Inn Motor Hotel, Inc., d/b/a The Cheshire Lodge, Appellants/Relators,

v.

CITY OF CLAYTON, City of Richmond Heights, Board of Election Comm'rs, Richard Kellett, Julie R. Jones, Anita Yeckel and Ann Pluemer, Respondents/Respondents.

No. ED 95465.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 21, 2010.

Application for Transfer to Supreme Court Denied Oct. 26, 2010.

David R. Bohm, Jennifer L. Geschke, Danna McKitrick, P.C., St. Louis, for Appellants.

Kevin O'Keefe, Kenneth J. Heinz, Edward J. Sluys, Steven W. Garrett, Curtis, Heinz, Garrett & O'Keefe, P.C., St. Louis, for Respondents.

Mark G. Arnold, Husch Blackwell Sanders LLP, St. Louis, Victor S. Williams, John Young, for Amicus Curiae.

SHERRI B. SULLIVAN, P.J.

### Introduction

SGI Hotels, L.L.C., d/b/a Seven Gables Inn, HEF 1–STL No. 1 L.L.C., d/b/a The Ritz–Carlton St. Louis, and Cheshire Inn Motor Hotel, Inc., d/b/a The Cheshire Lodge (Appellants) appeal from the trial court's judgment denying their claims for Writ of Prohibition, Injunction and Declaratory Judgment, and granting the counterclaim for Declaratory Judgment made by the City of Clayton, the City of Richmond Heights, the Board of Election Commissioners, Richard Kellett, Julie R. Jones, Anita Yeckel and Ann Pluemer (Respondents). We affirm.

### Factual and Procedural Background

On August 10, 2010, the City of Clayton enacted Ordinance 6116 and on August 16, 2010, the City of Richmond Heights enacted Ordinance No. 5148, both pursuant to Section 67.1003,[1] which is a permissive enabling statute authorizing the cities to levy a transient guest tax of not more than five percent on occupied hotel and motel rooms[2] for the sole purpose of the "promotion of tourism." The ordinances propose to the respective cities' voters whether to levy the tax and are to be placed on

---

1. All statutory references are to RSMo 2008, unless otherwise indicated.

2. Hotel and motel rooms will sometimes be referred to as "sleeping rooms" in this opin-

ion, and the terms "hotel" and "motel" are used interchangeably, the use of one not intended to be in exclusion of the other.

the ballot for the voters to decide in the November 2, 2010 election.

Appellants maintain that the ordinances are unconstitutional on their face, according to the language of the enabling statute itself, and challenged them in the trial court via claims for a writ of prohibition and declaratory and injunctive relief. Respondents counterclaimed for a declaratory judgment that the proposed taxes are valid. The trial court denied Appellants' claims and granted that of Respondents. This appeal follows.

### Points on Appeal

In their first point, Appellants assert the trial court erred in denying their claim for writ of prohibition, and in granting Respondents' counterclaim for declaratory judgment, because Ordinances No. 6116 and 5148 are unconstitutional on their face, in violation of Art. X, Sec. 1 of the Missouri Constitution, in that pursuant to Section 67.1003.2, Respondents are prohibited from imposing a tax on charges for sleeping rooms used by transient guests as such cities are located within St. Louis County, which already imposes such a tax.

In their second point, Appellants claim that interpreting Section 67.1003 to prohibit a county from imposing a tax on charges for sleeping rooms on hotels located in cities within that county which already impose such a tax does not violate the uniformity clause of Art. X, Sec. 3 of the Missouri Constitution because imposing a tax on charges for sleeping rooms located in a portion of a county outside of cities which impose their own tax on charges for sleeping rooms, while not imposing such a tax on hotels located in cities within the county which cities impose their own tax on sleeping rooms, in that there is a reasonable basis supporting such separate treatment.

### Jurisdiction

This Court has considered whether this appeal should be transferred to the Supreme Court of Missouri, which has exclusive appellate jurisdiction of cases involving "the construction of the revenue laws of this state." Mo. Const. Art. V, Sec. 3; *Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 910 (Mo.banc 1997). The constitutional phrase "construction of the revenue laws of this state" assigns original appellate jurisdiction to the Supreme Court when each of the three separate elements are present: (1) construction; (2) of revenue laws; (3) of this state. *Alumax,* 939 S.W.2d at 910. A "revenue law" directly creates or alters an income stream to the government that imposes a tax or fee on property owned or used or an activity undertaken in that government's area of authority. *Id.* A revenue law "of the state" is a law adopted by the General Assembly to impose, amend or abolish a tax or fee on all similarly-situated persons, properties, entities or activities in this state, the proceeds of which are deposited in the state treasury. *Id.* Thus, a revenue law either establishes or abolishes a tax or fee, changes the rate of an existing tax, broadens or narrows the base or activity against which a tax or fee is assessed, or excludes from or creates exceptions to an existing tax or fee. *Id.* A law that raises revenue only within a single political subdivision for the benefit of that political subdivision at the direction of the legislative body or the voters of the political subdivision is not a revenue law "of the state." *Id.* at 911.

Based on the foregoing definitions, we conclude that the statute at issue is not a revenue law of this state, and therefore the Supreme Court does not have exclusive jurisdiction of this case.

## Standard of Review

■ When reviewing a declaratory judgment, an appellate court's standard of review is the same as in any other court-tried case. *Woods v. QC Financial Services, Inc.,* 280 S.W.3d 90, 94 (Mo.App. E.D.2008). That is, the trial court's decision should be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.*

■ " 'The standard of review for writs of mandamus and prohibition … is abuse of discretion, and an abuse of discretion occurs where the circuit court fails to follow applicable statutes.' " *Depauw v. Luebbers,* 285 S.W.3d 805, 806 (Mo.App. E.D. 2009), quoting *State ex rel. City of Jennings v. Riley,* 236 S.W.3d 630, 631 (Mo. banc 2007).

## Discussion

■ Appellants maintain that Ordinances No. 6116 and 5148 are unconstitutional because Respondents are not allowed to impose a tax on charges for sleeping rooms under Section 67.1003.2 because St. Louis County already imposes a tax on sleeping rooms, pursuant to other statutory authority. Namely, St. Louis County imposes two separate taxes on sleeping rooms, one pursuant to Section 67.619, for the St. Louis Convention and Visitors Commission, and one pursuant to Section 67.657, for the St. Louis Regional Convention and Sports Complex Authority.

Section 67.1003 provides for a tax to be imposed on sleeping rooms strictly for the purposes of the promotion of tourism. It provides in pertinent part:

1. The governing body of any city or county, *other than a city or county already imposing a tax on the charges for all sleeping rooms paid by the transient guests of hotels and motels situated in such city or county or a portion thereof pursuant to any other law of this state,* having more than three hundred fifty hotel and motel rooms inside such city or county … may impose a tax on the charges for all sleeping rooms paid by the transient guests of hotels or motels situated in the city or county or a portion thereof, which shall be not more than five percent per occupied room per night. …

2. Notwithstanding any other provision of law to the contrary, *the tax authorized in this section shall not be imposed in any city or county already imposing such tax pursuant to any other law of this state. …*

[Emphasis added.]

Appellants maintain that the language in subsection 2 of the statute, to-wit: *the tax authorized in this section shall not be imposed in any city or county already imposing such tax pursuant to any other law of this state,* precludes the cities of Clayton and Richmond Heights from imposing the Section 67.1003 tourism tax because St. Louis County already imposes two other taxes on charges for sleeping rooms in St. Louis County, pursuant to Sections 67.619 and 67.657. In so arguing, Appellants construe the "or" in Section 67.1003.2 to be all-inclusive of cities and counties, and not mutually exclusive of cities and counties. In other words, Appellants believe the language prohibits a city like Clayton or Richmond Heights from imposing the tourism tax under Section 67.1003 if a county such as St. Louis County is already imposing a tax on the sleeping rooms, and likewise prohibits St. Louis County from imposing the tourism tax under Section 67.1003 if Clayton or Richmond Heights is already taxing the motel rooms.

We disagree that the wording of Section 67.1003.2 prohibits both a city and a county in which that city is located from imposing a tax on charges for sleeping rooms. Giving the words in the statute their plain and ordinary meaning, we find that Sections 67.1003.1 *and* 67.1003.2, read *in pari materia*, prohibit a city or county from levying a tax on sleeping rooms, only if *that particular city or county* is *itself* already levying a tax on those rooms pursuant to another authority. Here, neither Clayton nor Richmond Heights is currently levying a tax on such sleeping rooms pursuant to any other authority and, therefore, they are free to place on the ballot an initiative to levy a tax on sleeping rooms pursuant to Section 67.1003 for the voters to decide.

Reading subsection one (*other than a city or county already imposing a tax on the charges for all sleeping rooms paid by the transient guests of hotels and motels situated in such city or county or a portion thereof pursuant to any other law of this state* ) and subsection two (*the tax authorized in this section shall not be imposed in any city or county already imposing such tax pursuant to any other law of this state* ) in conjunction with each other and construing them to co-exist harmoniously, and not in conflict, makes clear that the General Assembly intended for a city or county itself already imposing a tax on its hotels under another authority, not to be able to also tax under Section 67.1003's authority. The language *"already imposing such tax"* clearly refers back to and modifies or describes the previous words "city" or "county."

The very similar phrasing of the prohibitive language set forth in subsection one of Section 67.1003 should be read to be in harmony with the prohibitive language set forth in subsection two. Generally, a provision in a statute must be read in harmony with the entire section. *Anderson ex rel. Anderson v. Ken Kauffman & Sons Excavating, L.L.C.,* 248 S.W.3d 101, 107 (Mo.App. W.D.2008). Appellants' reading of these two subsections puts them in conflict.

Section 67.1003 was enacted by the General Assembly in 1999. At that time, the text of Section 67.1003.2 provided:

Notwithstanding any other provision of law to the contrary, the tax authorized in this section *shall not be imposed in any city or county where another tax* on the charges for all sleeping rooms paid by the transient guests of hotels and motels situated in such county or a portion thereof *is imposed.*

In 2000, the General Assembly amended this section to read:

Notwithstanding any other provision of law to the contrary, the tax authorized in this section *shall not be imposed in any city or county already imposing such tax* pursuant to any other law of this state. . . .

The new language in the 2000 version of the statute changes the 1999 version's prohibition on the imposition of the tax in a city or county where such a tax is already imposed by *any entity,* to a prohibition on the imposition of the tax in a city or county where such a tax is already imposed by *that city or county* seeking to impose the Section 67.1003 tax. Appellants' interpretation of the new language of Section 67.1003.2 does not recognize and acknowledge the significance of the General Assembly's change of the prohibitive wording from non-specific to specific in Section 67.1003.2, therefore rendering it meaningless. It is presumed that the legislature did not intend a meaningless act. *Missouri ex rel. Bouchard v. Grady,* 86 S.W.3d 121, 123 (Mo.App. E.D.2002).

In fact, the 1999 prohibitory language of Section 67.1003.2 is identical to the current prohibitory language of Section 67.1005.2, which was enacted to enable cities and counties to propose a tax to its voters "solely for the promotion of tourism and for funding a convention and visitors bureau which shall be a general not-for-profit organization with whom the city or county has contracted, and which is established for the purpose of promoting the city or county as a convention, visitor and tourist center," to-wit:

> The tax authorized in this section shall not be imposed in any city or county where another tax on the charges for all sleeping rooms paid by the transient guests of hotels and motels situated in such city or county or a portion thereof is imposed pursuant to any other law of this state. . . .

Appellants acknowledge that Section 67.1005.2 establishes a general prohibition against duplicative taxes, non-specific to the identity of the taxing authority. Therefore, Appellants would have to concede that the General Assembly changed that language in Section 67.1003.2 for a reason. That reason is made obvious by a plain reading of the words the General Assembly chose to replace the old words, *i.e.*, the tax authorized in this section *shall not be imposed in any city or county already imposing such tax.* The city or county itself has to be imposing a sleeping room tax before that city or county is prohibited from imposing one under Section 67.1003.

Appellants' position that the statute's language prohibits a city like Clayton or Richmond Heights from imposing the tourism tax under Section 67.1003 if a county such as St. Louis County is already imposing a tax on the sleeping rooms, and likewise prohibits St. Louis County from imposing the tourism tax under Section 67.1003 if Clayton or Richmond Heights is already taxing the motel rooms, is overly broad in its prohibition, and does not reflect recognition of the change the General Assembly made to the wording of the statute in 2000.

■ Furthermore, Appellants' interpretation leads to absurd results because it would create a race to the ballot box between a county and the cities within the county to secure the right to impose the Section 67.1003 tourism tax. Under Appellants' interpretation of Section 67.1003, if the City of Clayton "won" the race, for example, and its constituents voted to impose the tax, then St. Louis County would be prohibited from imposing the Section 67.1003 tourism tax within the entire county of St. Louis, if it was otherwise qualified. "Construction of statutes should avoid unreasonable or absurd results." *Reichert v. Bd. of Educ. of St. Louis,* 217 S.W.3d 301, 305 (Mo.banc 2007).

■ We believe Appellants' interpretation of Section 67.1003 is contrary to the plain wording of the statute; ignores the implication of the 2000 change in statutory language; and leads to an absurd result. Accordingly, Point I is denied.

Appellants also claim that interpreting Section 67.1003 to prohibit a county from imposing a tax on charges for sleeping rooms on hotels located in cities within that county which already impose such a tax does not violate the uniformity clause. This point is moot as we have decided that Section 67.1003 does not prohibit a county from seeking voter approval of a proposed tax on charges for sleeping rooms in hotels located in cities within that county which already impose such a tax, as long as that county is otherwise qualified to do so. Accordingly, Point II is denied as moot.

*Conclusion*

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J., concur.