

# SUPREME COURT OF MISSOURI
## en banc

IN RE THE MARRIAGE OF:       )
JOHN WILLIAM MCNEAL,       )
                                    )
           Appellant,       )
                                    )
vs.                           )      No. SC94435
                                    )
SYLVIA RUTH MCNEAL-SYDNOR,  )
                                    )
           Respondent.    )

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
Honorable Kevin D. Harrell, Judge

*Opinion issued September 8, 2015*

John McNeal appeals from a judgment dismissing his petition for dissolution of marriage. The circuit court initially entered an order dismissing Mr. McNeal's petition. Mr. McNeal filed his notice of appeal directly with this Court. This Court issued an order to Mr. McNeal ordering him to show cause as to why his appeal should not be dismissed for lack of a final judgment. The circuit court then entered an amended judgment of dismissal. The appeal is transferred to the Court of Appeals, Western District, because it does not involve any issue that invokes this Court's exclusive appellate jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

Article V, section 3 of the Missouri Constitution vests this Court with exclusive appellate jurisdiction in all cases involving the validity of a statute. This Court's exclusive appellate jurisdiction is not invoked simply because a case involves a constitutional issue. Instead, this Court's exclusive appellate jurisdiction is invoked when a party asserts that a state statute directly violates the constitution either facially or as applied. *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 912 (Mo. banc 1997). The constitutional issue must be real and substantial, not merely colorable. *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 270 (Mo. banc 2014).

Mr. McNeal asserts that section 491.230[1] and section 544.275 are unconstitutional because these statutes do not grant prisoners an unconditional right to be present in court to litigate civil actions to which the prisoner is a party. Section 491.230 generally prohibits prisoners from attending a civil proceeding unless the case involves the termination of parental rights or the prisoner would be "substantially and irreparably prejudiced" if not allowed to attend. In *Call v. Heard*, 925 S.W.2d 840, 846 (Mo. banc 1996), this Court held that section 491.230 did not deprive prisoners of meaningful access to the courts due to the security and administrative concerns involved in transporting prisoners to and from courthouses and, most importantly, due to "the significant alternatives to a prisoner's live presence at the courthouse …." Mr. McNeal's constitutional challenge to the validity of section 491.230 is that *Call* is "a joke and should be overruled."

---

[1] All references to statutes are to RSMo 2000.

McNeal also asserts that section 544.275 is unconstitutional because the statute does not grant prisoners a right to be present in court to litigate a civil action. Section 544.275 provides:

> When a person committed to the department of corrections is a defendant in a criminal or civil proceeding other than jury trials, or a plaintiff in a civil proceeding other than a jury trial, or the movant in a postconviction proceeding, such proceeding may in the discretion of the judge be heard within a correctional facility of the department of corrections.

Mr. McNeal's challenge to the validity of section 544.275 is premised on the same arguments that underlie his challenge to section 491.230. The remainder of Mr. McNeal's argument is based on his assertion that the collective impact of various court decisions and rules implemented by the Missouri Department of Corrections is to deny prisoners access to the courts. Mr. McNeal concludes that this amounts to a resurrection of "civil death statutes" that abrogate prisoners' civil rights.

While Mr. McNeal raises potential constitutional issues regarding the trial court's interpretation of section 491.230 and 544.275, Mr. McNeal does not raise a real and substantial constitutional challenge to the validity of either statute so as to invoke this Court's exclusive appellate jurisdiction. As acknowledged in the dissent, section 491.230 and 544.275, as well as this Court's opinion in *Call*, require that prisoners be provided with significant alternatives to personal appearance in court. The dissent then concludes, correctly, that Mr. McNeal has alleged a real and substantial constitutional issue because his requests to utilize alternatives to personal appearance were denied. The alleged constitutional issue, however, is not based on the trial court's application of the statutory

3

requirements but is, instead, based on the trial court's alleged failure to apply the statutory requirements. Neither the dissent nor Mr. McNeal identify any provision in section 491.230 or section 544.275 that, when applied to Mr. McNeal's case, precluded Mr. McNeal from utilizing video technology, an interpreter or any other accommodation that would permit him to participate meaningfully in his dissolution action. The alleged constitutional violation in this case is not a function of the application of statutory requirements but is, instead, a function of the trial court's failure to apply statutory requirements. A constitutional violation resulting from the failure to apply a statute is not a challenge to the validity of the statute that invokes this Court's exclusive appellate jurisdiction.

The dissent also asserts that the sole reason for the dismissal was Mr. McNeal's failure to appear. Not only is this conclusion speculative, it is irrelevant to the jurisdictional issue. Even if the trial court dismissed Mr. McNeal's petition for failure to appear, Mr. McNeal makes no credible assertion that any provision of any statute required such a result. Instead, as noted, the true substance of Mr. McNeal's argument is that the trial court failed to follow the statutory requirements. This Court does not have exclusive appellate jurisdiction over this case.

Article V, section 11 of the Missouri Constitution governs situations in which this Court lacks jurisdiction over an appeal:

> In all proceedings reviewable on appeal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate

4

court having jurisdiction. An original action filed in a court lacking jurisdiction or venue shall be transferred to the appropriate court.

The underlying judgment was entered in Jackson County. Therefore, this appeal is transferred to the Missouri Court of Appeals, Western District.

_____
Richard B. Teitelman, Judge

Fischer, Draper and Russell, JJ., concur;
Stith, J., dissents in separate opinion filed;
Breckenridge, C.J., and Wilson, J., concur
in opinion of Stith, J.



# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF:<br>JOHN WILLIAM McNEAL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SC94435 |
| | ) | |
| SYLVIA RUTH McNEAL-SYDNOR, | ) | |
| | ) | |
| Respondent. | ) | |

### DISSENTING OPINION

I respectfully dissent from the transfer of this appeal to the court of appeals for want of a real and substantial constitutional question.

#### A.  A Real and Substantial Constitutional Claim is Presented

Mr. McNeal is seeking dissolution of his marriage to his wife Sylvia.  This Court does not hold that the fact that Mr. McNeal is incarcerated precludes him from dissolving that marriage – indeed, were it to so hold, that would itself present a substantial constitutional question.  But it nonetheless holds that his claims are merely colorable.  In so holding, this Court focuses on procedural issues and fails to address the important and fundamental issue raised by Mr. McNeal's appeal:  He questions the constitutional validity of the application of sections 544.275 and 491.230 to him, arguing that as applied

they deny him due process under both the Missouri and United States constitutions because they denied him the right to appear in person and further denied him any reasonable alternatives to appearance in person, and then dismissed his petition because he failed to appear.

In deciding whether a constitutional issue is raised, "[t]he sole question is whether the validity of the statute is involved." *State ex rel. Union Elec. Co. v. Public Service Comm'n, 687 S.W.2d 162, 164 (Mo. banc 1985).* A real and substantial constitutional question is presented when a case is one of first impression, *Mayes v. St. Luke's Hosp. of Kansas City, 430 S.W.3d 260, 269-70 (Mo. banc 2014)*, or when preliminary inquiry reveals that "it presents a contested matter of right that involves fair doubt and reasonable room for disagreement," *Mo. Highway & Transp. Comm'n v. Merritt, 204 S.W.3d 278, 285 (Mo. App. 2006).* Only if "this initial inquiry shows that the claim is so legally or factually insubstantial as to be plainly without merit, the claim may be deemed merely colorable." *White v. White, 293 S.W.3d 1 (Mo. App. 2009).* "In the context of the 'not merely colorable' test, the word 'colorable' means feigned, fictitious or counterfeit, rather than plausible. In any event, this Court entertains plausible claims, which necessarily are made in good faith, but not feigned, fictitious or counterfeit claims, which necessarily are not." *Rodriguez v. Suzuki Motor Corp., 996 S.W.2d 47, 52 (Mo. banc 1999).*

The constitutional validity of the application of these Missouri statutes in a manner that denies the right to dissolve a marriage to prisoners such as Mr. McNeal who are unable to be present in court due to their incarceration presents a real and substantial issue. It is a constitutional issue of first impression, when, as here, the trial court also

2

failed to permit him to participate by alternative means, for then these statutes have been applied in a manner that denies Mr. McNeal the right to dissolve his marriage because he is in prison. In *Boddie v. Connecticut, 401 U.S. 371, 377 (1971)*, the United States Supreme Court rejected a Connecticut law that precluded persons from getting a divorce unless they paid certain fees, holding that such a law "must be regarded as the equivalent of denying them an opportunity to be heard upon their claimed right to a dissolution of their marriages, and, in the absence of a sufficient countervailing justification for the state's action, a denial of due process." *Id.* *Boddie* held "a State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve [a marriage] without affording all citizens access to the means it has prescribed for doing so." *Id. at 383*.

Applying *Boddie*, the district court held in *Thompson v. Bond, 421 F.Supp. 878, 882 n.5 (W.D. Mo. 1976),* that "to the extent that the Missouri civil death statute precludes inmates from instituting divorce proceedings, it is inconsistent with the principles of *Boddie*." *Thompson* was followed in *Kittrell v. Carr, 878 S.W.2d 859 (Mo. App. 1994),* which agreed that "Missouri could not, consistent with due process, preclude inmates from instituting divorce proceedings." *Id at 862.* *Kittrell* further noted that, "in cases predating and following *Thompson*, it has been widely recognized that absent a countervailing state interest of overriding significance, prisoners must be afforded meaningful access to the courts." *Id.* (internal citation omitted).

Missouri has prescribed a means for dissolving a marriage, and no countervailing overriding state interest has been identified here to deny him that interest. Mr. McNeal,

3

therefore, was entitled to meaningful access to the courts for the purposes of obtaining a dissolution. Yet the trial court applied sections 544.275 and 491.230 to him so as to deny him both the right to appear in person and the right to use reasonable alternative means to prosecute his petition for dissolution.

To the contrary, as the principal opinion notes, this Court's jurisdiction is invoked when a party asserts a state statute directly violates the constitution – either facially or as applied. *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 912 (Mo. banc 1997). Contrary to the statement near the end of the principal opinion, however, Mr. McNeal claims more than a mere failure of the trial court and prison officials to follow the applicable statutes. He alleges that the application of these laws is the equivalent of a civil death statute and so deprives him of his constitutional due process rights. His claim is neither feigned nor implausible. It presents a real and substantial constitutional question sufficient to invoke this Court's original appellate jurisdiction. As set out in section B below, a prisoner is entitled to access to the courts to press a valid civil claim, and an application of Missouri law that would deprive him of that access deprives him of due process. *Call v. Heard, 925 S.W.2d 840, 846 (Mo. banc 1996).* And, as this Court recognized in *Union Electric* and *Rodriguez,* such an allegation that as applied to the appellant deprives appellant of his constitutional rights is sufficient to invoke this Court's jurisdiction. *Rodriguez, 996 S.W.2d at 52; Union Electric, 687 S.W.2d at 164.*

*Union Electric* also held that once jurisdiction is afforded through such a claim, this Court retains jurisdiction even if the appellant also argued that the legislation was invalid on non-constititional grounds, for "[i]f our appellate jurisdiction properly attaches

4

jurisdiction is not lost if the case is decided without reaching the constitutional issues, because our jurisdiction extends to all issues in the case." *Union Electric, 687 S.W.2d at 165.* This Court recently reaffirmed *Union Electric's* rationale in *Mayes, 430 S.W.3d. at 270.* Accordingly, even were this Court ultimately to resolve the due process and access to the court issues raised by Mr. McNeal against him, that would not deprive this Court of jurisdiction to hear his appeal in the first instance.

Finally, even were the principal opinion correct that the trial court's errors did not result from an unconstitutional application of Missouri statutes, the errors certainly resulted from an abuse of discretion by the trial judge in denying Mr. McNeal due process and access to the courts. While the court of appeals might also be able to correct these errors, the case already is before this Court, and it can retain the case pursuant to its authority under article V, section 10 of the Missouri Constitution to transfer cases to this Court prior to opinion. That is what this Court did in *State v. Nash, 339 S.W.3d 500 (Mo. banc 2011),* in which a prisoner "request[ed] consideration of the constitutional validity of Missouri's long-stating 'direct connection rule' for evidence related to third party guilt." *Id. at 506-07. Nash* found that this presented an issue of general interest and importance so that, even though Nash's brief did not present an issue within the original appellate jurisdiction of this Court, the Court transferred the case on its own motion prior to opinion pursuant to article V, section 10. *Id.* Again, in *Rodriguez,* this Court retained jurisdiction over objections that a claim was not substantial, noting, "In recent years, this Court has invoked the jurisdictional ground of 'general interest or importance' to retain jurisdiction of cases that had been improperly transferred to this Court under faulty

jurisdictional claims." *Id. at 54.* Similarly, here, this case presents an issue of general interest and importance as to the trial court's discretion to dismiss a case for failure to appear without giving the prisoner reasonable alternative methods of prosecuting his case.

For these reasons, I would reach the merits of the case rather than transfer it for lack of jurisdiction.

### B. A Prisoner Cannot be Denied the Right to Appear in any Manner at the Hearing of his Own Case

The trial court abused its discretion in dismissing the dissolution petition due to Mr. McNeal's failure to appear in person at the hearing. The principal opinion does not directly disagree that this is why the petition was dismissed but rather says that because the court's dismissal order also states that it was dismissed after having "reviewed the file" and being "otherwise fully informed," the order is ambiguous as to why the case was dismissed. It is perhaps for this reason that it concludes Mr. McNeal did not present a real and substantial constitutional question. But further inquiry demonstrates that dismissal could not have occurred on any basis other than Mr. McNeal's failure to appear.

More specifically, the trial court's May 30, 2014, order (subsequently entered as a judgment) is quite brief. It states:

> COMES NOW on this 19[th] day of May, 2014, this mater [sic] comes before the Court for hearing. Petitioner appears not. Respondent appears through counsel, Michaela Shelton.
> Having reviewed the file, and being otherwise fully informed in the premises this Court GRANTS Respondent's motion to dismiss.

6

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED this case is hereby dismissed, with costs paid by Petitioner.

IT IS SO ORDERED.

There are numerous difficulties with this ruling. According to the docket entries in Case.net, as confirmed by a review of the record below:

- Although the order and judgment say they are granting defendant's motion to dismiss, no motion to dismiss was filed by Ms. McNeal-Snydor.

- If such a motion had been filed, it was not noticed up for hearing on May 19, 2014; that date shows a setting only for the pretrial conference for which the trial court had denied Mr. McNeal's motion for leave to attend in person or by videotape.

- Ms. McNeal-Snydor's counsel did file a proposed order of dismissal two days *after* the May 19 pretrial conference at which the trial court took up and determined the non-filed motion to dismiss. It would appear from this sequence of events that the trial court, after the May 19 hearing, asked counsel to prepare an order, which was submitted May 21, 2014, and entered May 30, 2014. But, in the absence of an initial motion to dismiss, it was improper to take the matter up or grant the motion to dismiss without notice.

- There is no record of notice to Mr. McNeal that dismissal would be taken up at the pretrial conference scheduled for May 19, 2014.

- While the record shows that in January 2014 the trial court sent notice to Mr. McNeal of the March 2014 case management conference (but then

7

shortly thereafter denied his request for a writ of habeas corpus ad testificandum), the record does not have a comparable entry stating that Mr. McNeal was mailed notice of the March 2014 order scheduling a new case management conference for May 19, 2014, even though the court necessarily was aware that Mr. McNeal was not permitted to be present at the March conference and so could not be aware of the May conference without being mailed notice.

- There is no record of service on Mr. McNeal of notice of the filing of a proposed order of dismissal or of the dismissal order itself.

In sum, while the order (and later judgment) of dismissal states on its face that it was entered after consideration of the record and being "fully informed" as to Ms. McNeal-Snydor's motion to dismiss, the record shows that cannot be the case. While the trial court cited that motion to dismiss as the reason for its order of dismissal, the record contains no indication that Ms. McNeal-Snydor filed a motion to dismiss and the trial court gave no other reason for the dismissal. If such a motion were filed, it was not served on Mr. McNeal, and it is beyond dispute that motions must be served on other parties. *Rule 43.01*.

When a court gives no basis for its dismissal, the appellate court "presume[s] that dismissal was based on the grounds stated in each motion to dismiss and [must] affirm if dismissal was appropriate on any ground supported by the motions." *Duvall v. Lawrence, 86 S.W.3d 74, 78 (Mo. App. 2002)*. Because no reasons for dismissal were given, and no motion to dismiss was filed, this Court cannot conduct a review of the

grounds for the trial court's dismissal as stated in the motion. That is, as there was no motion, this Court cannot affirm dismissal based on grounds stated in the motion.[1]

That leaves only the question whether it was proper to dismiss for failure to appear. Of course, a case can be dismissed for failure to prosecute. But Mr. McNeal did anything but fail to prosecute – he filed a plethora of motions and requests for hearing. He just was not present at the pretrial case management conference. Yet no law requires Mr. McNeal to appear in person at the courthouse to obtain a dissolution.

Certainly, the principal opinion is correct that section 491.230 permits a court to refuse to allow a prisoner to attend his own trial in person, but the converse is not true – the statute on its face does not make a discretionary refusal to allow him to appear a basis to dismiss his case. In fact, *Kittrel, 878 S.W.2d at 862-63,* specifically held that while a prisoner has no absolute right to appear in person at the courthouse, neither is a personal appearance necessary. *Kittrell* reversed the dismissal of a dissolution claim and directed the trial court to allow the inmate to use alternative methods of providing the evidence necessary to obtain a dissolution. *Id. at 863.*

But, here, the statute was applied in a way that denied access to the courts and due process to Mr. McNeal for the purpose of dissolving his marriage. *Call v. Heard*, 925 S.W.2d 840, 846 (Mo. banc 1996), cited by the principal opinion, supports the conclusion that such an application of Missouri statutes is unconstitutional. *Call* construed section 491.230, which provides in relevant part:

---

[1] And, of course, one must consider that the issue is whether to dissolve a marriage, and the answer admits to the marriage. It is unclear on what merits basis the trial court, therefore, could dismiss the petition to dissolve the marriage.

9

2. No person detained in a correctional facility of the department of corrections shall appear and attend or be caused to appear and attend any civil proceeding, regardless of whether he is a party, except when:

(1) …
(2) The offender is a party to the civil proceeding and the court finds that the offender will be substantially and irreparably prejudiced by his failure to attend the trial on the merits in the civil proceeding. …

*Id.* This Court held in *Call* that section 491.230 does not present a constitutional violation. But *Call* made clear that it so held only because Missouri law provided a prisoner with "significant alternatives to a prisoner's live presence at the courthouse." *Id.* Such alternatives, it found, would be reasonable substitutes because they could be utilized without "the security and administrative concerns involved in transporting prisoners to and from courthouses …." *Id. at 847.* It was solely for this reason that this Court concluded that "§ 491.230.2 does not deprive a prisoner of meaningful access to the courts." *Id. Accord, Meadows v. Meadows, 330 S.W.3d 798 (Mo. App. 2011)* (no due process violation when inmate did not contend he was not offered reasonable alternatives to personal appearance).

Yet, here, Mr. McNeal's requests to use one of these significant alternatives were denied. He asked that his deposition be taken, or that discovery be had and an interpreter appointed due to his deafness, to no avail. He also asked to be able to take part in the case by video conference. Every circuit has available to it equipment to permit video conferencing so that a court can handle matters without the need to travel to a prison or other remote location and without the need to transport a prisoner or counsel to the courthouse. In his petition for writ of habeas corpus ad testificandum, filed in January

2014, months prior to the pretrial hearing, Mr. McNeal stated that his prison had video facilities available for such purposes and requested that the trial court order the warden to bring him to the prison facility's video conference room as an alternative to his appearance in person. The trial court denied the petition for writ of habeas corpus ad testificandum entirely, including this alternative request to be permitted to attend by video conference.

Finally, section 544.275 provides:

When a person committed to the department of corrections is a defendant in a criminal or civil proceeding other than jury trials, or a plaintiff in a civil proceeding other than a jury trial, or the movant in a postconviction proceeding, such proceeding may in the discretion of the judge be heard within a correctional facility of the department of corrections.

This statute thereby provides yet another of the alternative mechanisms adverted to in *Call* that allow a prisoner to attend a hearing without the security concerns caused by transporting him or her to the court itself. *Call*, *925 S.W.2d at 846*. It provides a means for the prisoner to appear before the trial court in a civil action without having to leave the prison. Of course, this may not be convenient for the court, and the statute leaves the holding of a proceeding in the prison to the trial judge's discretion. But that discretion is as to where and how to hold the hearing, not as to whether the prisoner shall be permitted to appear at all.

In other words, although on their face sections 491.230 and 544.275 seem to permit a prisoner alternative means to litigate civil actions, they have been applied to allow the trial court to exercise its discretion to deny each of these available alternatives and then dismiss the case for failure to appear. The result is the same as if none of these

11

alternatives existed, for it meant that under the trial court's application of these statutes Mr. McNeal was precluded from appearing at his own pretrial conference and then his case was dismissed for that very failure to appear.

This application of these Missouri statutes violates Mr. McNeal's right to due process and right of access to the courts. For this reason alone the dismissal should be reversed and the case remanded for further proceedings.

Further, even were this Court to find that these serious constitutional issues did not result from an application of the statutes but from an abuse of discretion, this Court still should exercise its discretion to keep this appeal in this Court and to reverse with directions to permit Mr. McNeal an effective means of participating in his own dissolution on remand. As noted in *Kittrell, 878 S.W.2d at 863*:

> … the key factor in determining whether a prisoner has a constitutional right to appear personally in a civil matter is whether there are any reasonable alternative means by which a prisoner may be heard and thus obtain meaningful access to the court. Where there are no reasonable alternatives, personal attendance may be required as a matter of due process.

Accordingly, I would reverse and remand with directions to allow Mr. McNeal to proceed on his dissolution petition either in person or through one of the "significant alternatives" that should be available to him under Missouri law were the relevant statutes constitutionally applied.

_____
**LAURA DENVIR STITH, JUDGE**

12