**STATE of Missouri, ex rel. Robert E. MARLER, Relator,**

v.

**STATE BOARD OF OPTOMETRY, Respondent.**

**No. WD 49418.**

Missouri Court of Appeals,
Western District.

Nov. 29, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied June 20, 1995.

Kevin A. Thompson, Jefferson City, for relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Donna Ann Coleman, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

SPINDEN, Presiding Judge.

The State Board of Optometry seeks to discipline Robert E. Marler's certificate to practice optometry in Missouri. Marler challenges the board's power to do so without obtaining authorization by the Administrative Hearing Commission (AHC).

Marler practiced under a conditional certificate of registration issued to him in compromise of his disagreements with the board. On May 19, 1993, the board notified Marler that it believed that he had violated the conditions imposed on his certificate and that it had scheduled a hearing to determine whether to inflict further discipline. Marler filed a petition for writ of prohibition contending that the board had no authority to conduct a hearing without AHC authorization. The trial court issued a preliminary writ, but quashed it on March 30, 1994. Marler appeals the order quashing the preliminary writ. We reverse.

■ This court has jurisdiction to consider Marler's appeal. An order quashing a preliminary writ is an appealable, final judgment. *Missouri Department of Social Services v. Administrative Hearing Commission*, 826 S.W.2d 871, 872 (Mo.App.1992).

Marler's conditional certificate resulted from an agreement he entered into with the board in settlement of the board's earlier attempt to revoke his certificate. Pursuant to § 336.110.2,[1] the board had filed a complaint with the AHC seeking authorization to discipline Marler's certificate. On June 4, 1987, the AHC concluded that cause existed to discipline the certificate, and the board

---

**1.** All statutory references are to the 1986 Revised Statutes of Missouri. Section 336.110.2 says, "The board may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621, RSMo, against any holder of any certificate of registration or authority, permit or license required by this chapter[.]"

revoked it. Pursuant to § 536.100, Marler appealed to circuit court.

In January 1990, while his appeal was pending, Marler sought a new certificate.[2] On May 22, 1991, the board denied his application. Pursuant to § 336.110.1,[3] Marler complained to the AHC that the board had wrongly denied his application. While that complaint was pending at the AHC, the board and Marler entered into a settlement agreement which provided:

A. [The board] shall issue a license to [Marler] which shall be placed on probation for a period of five (5) years[.]

. . . .

B. Upon the determination of the Board that [Marler] has failed to comply with the terms of this consent order, the Board may revoke [Marler's] license or may take such other or additional disciplinary action against [Marler's] license as the Board deems appropriate.

This agreement settled both his case pending on appeal and the second action pending before the AHC. The AHC responded to the settlement agreement with this order:

On July 31, 1991, the parties filed with this Commission a "Joint Stipulation of Facts, Waiver of Hearing Before the Administrative Hearing Commission and Consent Order with Joint Proposed Findings of Fact and Conclusions of Law[.]" Upon review of this document, this Commission finds that the parties have knowingly and voluntarily entered into a settlement in this matter and have freely waived their right to a hearing before this Commission. Further, this Commission finds as true the facts agreed to by the parties[.] Pursuant to § 536.060, RSMo 1986, and 1 CSR 15–2.150(1), this Commission adopts the terms of the stipulation and agreement filed by the parties.

Accordingly, this Commission incorporates into this Consent Order and issues as

its own the proposed order, agreed to by the parties, as it appears on pages 4 to 8 of the "Joint Stipulation of Facts, Waiver of Hearing Before the Administrative Hearing Commission and Consent Order with Joint Proposed Findings of Fact and Conclusions of Law."

On May 19, 1993, the board notified Marler that it believed that he had violated the conditions imposed on his certificate, and it scheduled a hearing for July 10, 1993, to receive evidence concerning the alleged violations. The board granted Marler's request for a continuance and reset the hearing for October 1993. On October 7, 1993, the trial court issued a preliminary writ prohibiting the hearing. After a hearing on March 28, 1994, the court quashed its preliminary writ on March 30, 1994. In its order, the trial court said:

On July 31, 1991, Marler and the Board filed a Joint Stipulation of Facts, Waiver of Hearing Before the Administrative Hearing Commission and Consent Order with Joint Proposed Findings of Fact and Conclusions of Law[.] The AHC adopted the Joint Stipulation on August 1, 1991.

The Joint Stipulation has no findings of fact or conclusions of law which conclude that Marler is qualified for licensure. Neither are there findings or conclusions which conclude that Marler is subject to further discipline by the Board. The Joint Stipulation is an agreement between the parties to a modification of the Board's previous order of revocation. In the Joint Stipulation, the parties agree that Marler will be issued an optometry license on probation with terms and conditions as set forth. The Board had authority to modify its order of revocation. Pursuant to the Joint Stipulation the AHC dismissed Marler's appeal.

**2.** Marler actually requested "reinstatement" of his certificate, but a revoked certificate cannot be reinstated. The board correctly deemed his application to be seeking a new certificate.

**3.** That statute provides, "The board may refuse to issue any certificate of registration or authority, permit or license required pursuant to this

chapter for one or any combination of causes stated in subsection 2 of this section. The board shall notify the applicant in writing of the reasons for the refusal and shall advise the applicant of his right to file a complaint with the administrative hearing commission as provided by chapter 621, RSMo."

On May 19, 1993, the Board filed its Complaint alleging that Marler violated the terms of his probation. Subsequently, the Board set a hearing to determine the truth of the allegations set forth in the Complaint. This hearing was stopped by this Court's preliminary Order in Prohibition.

. . . .

The Board has jurisdiction to hold a hearing to determine if Marler has violated the terms of his probation. If the Board exceeds its jurisdiction there is an adequate remedy at law on appeal pursuant to § 536.140.2(2).

In his first point on appeal, Marler concedes that if the August 1991 agreement legally placed his certificate on probation, he is subject to the further discipline the board now seeks. He argues, however, that he "is not on probation, and the 1991 Agreement was ineffective in its attempt to impose probation upon him." The reason, he asserts, is that the AHC did not make an independent determination that cause existed to discipline the new certificate about to be issued to Marler, and § 336.110.3 requires that determination. We agree.

Section 336.110.3 says:

Upon a finding by the administrative hearing commission that the grounds, provided in subsection 2, for disciplinary action are met, the board may, singly or in combination, censure or place the person named in the complaint on probation on such terms and conditions as the board deems appropriate for a period not to exceed five years, or may suspend, for a period not to exceed three years, or revoke the license, certificate, or permit.

This statute makes the board's power to place a certificate on probation conditional on the AHC's independent determination that cause exists, pursuant to § 336.110.2, to discipline the certificate. *See State Board of Registration for the Healing Arts v. Masters,* 512 S.W.2d 150 (Mo.App.1974); *Missouri Real Estate Commission v. McCormick,* 778 S.W.2d 303 (Mo.App.1989); *Kennedy v. Missouri Real Estate Commission,* 762 S.W.2d 454, 456–57 (Mo.App.1988).

Nothing in the AHC's order suggests that the AHC determined that the board had cause to place Marler on probation. The AHC found the facts to which the board and Marler stipulated to be true. The stipulated facts said:

... Since the date of [the] revocation [of his original certificate], [Marler] has had two *ex parte* orders of protection entered against him on behalf of his wife. One of the orders was made permanent.

... Since the date of [the] revocation [of his original certificate], [Marler] has been involved in two fist fights directly related to his insurance business. As a result of one of the altercations, [Marler] was found guilty of trespass and was fined $200.00.

... [Marler] failed to disclose the pending disciplinary action against him when he filed his U4 form with the Missouri Secretary of State's Office for a securities industry registration in April of 1986. [Marler] has subsequently failed to update the information which he originally provided on his U4 form, including failing to provide information regarding the Administrative Hearing Commission's decision and the revocation of his optometry license.

Without making a careful search, for the issue is not before us, we fail to find anything among the 16 grounds set out in § 336.110.2 which would have given the board cause to discipline Marler's certificate on these facts. Certainly, the AHC did not find that this was the case. The parties themselves, in their "joint proposed conclusions of law," did not assert that these facts were sufficient cause to discipline Marler's yet-to-be-issued certificate. They agreed only that "[i]f a hearing were held in this case, [the AHC] could find that [Marler] has failed to show that he is entitled to examination and licensure."

Hence, Marler is correct. Because the condition precedent for putting Marler on probation (the AHC's independent determination that cause for discipline existed) was not satisfied, the board did not have authority to seek to further discipline his certificate. Because the board sought to exceed its authority, the trial court should have made its preliminary writ absolute. We reverse the trial court's dismissal of this case and re-

mand for it to enter its order making its writ of prohibition absolute.

 The trial court sought to avoid this result by asserting in its order dismissing this case that the board had not issued Marler a new certificate; it merely modified its original order to revoke his previous certificate. This is incorrect.

The certificate the board revoked was numbered 2295. When the board issued a certificate in fulfillment of the settlement agreement, the board numbered it DO3018. Obviously, the board did not believe that it was modifying the revocation order; it believed that it was issuing a new certificate. It asserted in the settlement agreement that it would "issue" a certificate to Marler; not revive his previous one. Indeed, the board was issuing a new certificate because a revoked certificate is cancelled, terminated, and void. The certificate had ceased to exist for four years. Its resurrection was not possible.

 Moreover, the board lost jurisdiction to modify the revocation order. This court has issued conflicting opinions concerning an administrative agency's authority to modify its findings of fact and conclusions of law. In *Sheets v. Labor and Industrial Relations Commission,* 622 S.W.2d 391, 394 (Mo.App. 1981), we held that the agency could not modify its findings and conclusions once "reached and imparted to the litigants[.]" In *Eleven Star, Inc. v. Director of Revenue* 764 S.W.2d 521, 522 (Mo.App.1989), and *Dillon, d/b/a Home Satellite Systems v. Director of Revenue,* 777 S.W.2d 326 (Mo.App.1989), we held that an agency could modify its decision within 30 days after entering it. Regardless of when the board lost jurisdiction to modify its order—immediately on imparting the decision to the litigants or 30 days—the board's jurisdiction to modify its original revocation order had long expired.

All concur.