STATE of Missouri ex rel. Eldon
K. BUGG, Relator,

v.

The Honorable Deborah DANIELS,
Judge, Boone County Circuit
Court, Div. XI, Respondent.

No. WD 69834.

Missouri Court of Appeals,
Western District.

Nov. 25, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 27, 2009.

See also 242 S.W.3d 729.

Relator, Pro Se, Booneville, MO, for relator.

Jean Strandberg Goldstein, Columbia, MO, for respondent.

Before PAUL M. SPINDEN, P.J., VICTOR C. HOWARD and JOSEPH P. DANDURAND, JJ.

## ORIGINAL PROCEEDING WRIT OF PROHIBITION

JOSEPH P. DANDURAND, Judge.

This is an original proceeding upon a petition seeking a writ of prohibition. Eldon Bugg, the Relator in this proceeding, seeks to have the judgment of the Honorable Deborah Daniels of the Boone County Circuit Court set aside on the ground that Judge Daniels exceeded her jurisdiction in finding Mr. Bugg in contempt of court for failing to pay an earlier judgment. The preliminary writ of prohibition is quashed.

### Factual Background

While this case has a lengthy litigation history, we discuss only the facts pertinent to the writ before us. On June 20, 2008, Judge Deborah Daniels of the Boone County Circuit Court found the following:

In September 2001, an affidavit of death and application for probate of Laura Downs's will was filed, and at a November 2001 hearing, the will was admitted to probate. In July 2004, a petition to discover assets was filed and a summons was served on Eldon Bugg. In January 2005, Mr. Bugg's motion to dismiss the petition and his motion for a more definite statement were overruled, and Mr. Bugg then filed a motion to vacate the order or in the alternative to issue findings of fact and conclusions of law and to stay the proceedings pending application for extraordinary writ.

In May 2005, a Boone County Circuit Court judge determined that a counterclaim filed by Mr. Bugg was untimely, and in August 2005, Mr. Bugg's motion to vacate was denied. Ms. Downs's estate (Estate) then filed a motion for summary judgment in February 2006, and in March 2006, the court granted the Estate's motion. In June 2006, the court reentered its judgment, and Mr. Bugg filed a notice of appeal. In January 2007, the Estate filed an execution/garnishment application, and in March 2007, a return was filed. The Boone County Circuit Court's decision was affirmed in *Estate of Downs v. Bugg*, 242 S.W.3d 729 (Mo.App. W.D.2007) in October 2007.

On March 27, 2008, the Estate filed a motion for contempt and a motion for examination of the judgment debtor, Mr. Bugg. On that same date, the court entered a citation to Mr. Bugg to appear and be examined on May 16, 2008, at 9:00 a.m. On March 28, 2008, the court entered a show cause order to Mr. Bugg and ordered him to appear on May 16, 2008, at 9:00 a.m. to explain why he should not be held in indirect civil contempt for failure to obey the lawful orders of the court.

On May 5, 2008, the court heard Mr. Bugg's motion to quash the show cause order—his motion was denied. Mr. Bugg was granted a continuance from the May 16, 2008 hearing date, and a new hearing date was set for June 12, 2008.

On June 12, 2008, the Boone County Circuit Court found that "Mr. Bugg had

the financial ability to pay the sums previously ordered by this court." It further found Mr. Bugg in indirect civil contempt of court for failure to comply with the circuit court's June 2006 judgment. The circuit court issued an Order and Judgment for Indirect Civil Contempt on June 20, 2008, as well as an Order of Commitment.

Mr. Bugg filed a Petition for Writ of Prohibition on July 2, 2008, seeking to have Judge Daniels's judgment set aside on the ground that she exceeded her jurisdiction in finding Mr. Bugg in contempt of court. On July 7, 2008, this court issued an Order of Preliminary Writ of Prohibition.

### Standard of Review

"A writ of prohibition does not issue as a matter of right." *State ex rel. Rosenberg v. Jarrett*, 233 S.W.3d 757, 760 (Mo.App. W.D.2007). Rather, a writ of prohibition is discretionary "and will lie only to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-judicial power." *Id.* (quotation marks and citation omitted). "A writ of prohibition is extraordinary and should be used with great caution and only in cases of extreme necessity." *State ex rel. Brantingham v. Grate*, 205 S.W.3d 317, 319 (Mo.App. W.D.2006).

Writs of prohibition are appropriate where (1) the court exceeded its personal or subject matter jurisdiction; (2) the court lacked the power to act as it did; or (3) " 'absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available[,]' or there is an issue of law that will likely escape review on appeal and cause considerable hardship or expense to the aggrieved party.' " *Rosenberg*, 233 S.W.3d at 760 (citation omitted). "If relator has an adequate remedy by appeal, prohibition will be de-

nied." *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547, 549 (Mo. banc 1990).

### Analysis

Mr. Bugg raises numerous arguments in his petition for writ of prohibition. Because Mr. Bugg has an adequate remedy available to him by way of appeal, the preliminary writ must be quashed, and this court will not address all of Mr. Bugg's various arguments herein. Mr. Bugg claims that Judge Daniels failed to find that Mr. Bugg had the "present ability" to pay the judgment against him. Mr. Bugg argues that without such a finding, he cannot be held in contempt.

In response to a civil contempt order, a contemnor has two options. "First, the contemnor may purge the contempt by complying with the order. The case then becomes moot and unappealable. Second, the contemnor may appeal the contempt order. For purposes of appeal, a civil contempt order is not final until 'enforced.' " *In re Marriage of Crow & Gilmore*, 103 S.W.3d 778, 780–81 (Mo. banc 2003) (citations omitted). Once a trial court has issued an order of commitment, the trial court has imposed the specific remedy of incarceration. *Id.* at 781. The contempt order then "changes from mere threat to 'enforcement,' and becomes final and appealable." *Id.* at 782.

In this case, the trial court issued an order of commitment, which enforced the civil contempt order against Mr. Bugg. At that point, Judge Daniels's contempt order became final and appealable. Mr. Bugg failed to file any such appeal. "The writ relator bears the burden of establishing that the respondent exceeded its jurisdiction and that no adequate remedy is available to him by way of appeal." *State ex rel. Rosenberg*, 233 S.W.3d at 760. Mr. Bugg cannot meet this burden. While we

recognize that at this late date Mr. Bugg is out of time to file a timely notice of appeal, he still has sufficient time in which to seek a special order permitting a late filing of the notice of appeal pursuant to Missouri Court Rule 81.07(a).

This court does express some concern, however, regarding the sufficiency of the trial court's finding that Mr. Bugg had the present ability to pay the judgment against him. This court has held "that in order to support an order of commitment, a trial court must make a finding that the contemnor has the *present ability* to purge himself of the contempt and thereby has the key to the jailhouse door." *Lyons v. Sloop*, 40 S.W.3d 1, 12 (Mo.App. W.D.2001)(emphasis added). We question whether the trial court's finding on June 12, 2008, that Mr. Bugg *had* the ability to pay constitutes a finding of present ability to pay. In reviewing the trial court's June 20, 2008 written Judgment for Indirect Civil Contempt, which was entered eight days after the contempt hearing and which ruled that "Mr. Bugg had the financial ability to pay the sums previously ordered by the court," it is somewhat unclear whether the court found that Mr. Bugg did in fact have the *present ability to pay* on June 20, 2008.

## Conclusion

Mr. Bugg has an adequate alternative remedy available to him by way of appeal. Accordingly, the preliminary writ of prohibition entered by this court is hereby quashed.

All concur.