

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. | ) | |
| CASS COUNTY, MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | WD78350 |
| | ) | |
| JOHN R. MOLLENKAMP, ACTING | ) | Opinion filed: October 6, 2015 |
| DIRECTOR OF THE MISSOURI | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE JON E. BEETEM, JUDGE**

Before Division Two: Thomas H. Newton, Presiding Judge,
Victor C. Howard, Judge and Mark D. Pfeiffer, Judge

The Director of the Missouri Department of Revenue appeals the judgment of the trial

court granting a permanent writ prohibiting him from recovering from Cass County local sales

tax funds found to have been erroneously paid to it. Director contends that the trial court erred in

issuing the permanent writ of prohibition because the judgment was barred under the doctrine of

res judicata and prohibition was not appropriate in this case.[1] The judgment of the trial court is reversed, and the case is remanded with direction to quash the writ of prohibition.

## Background

On June 16, 2014, Director notified Cass County that, because of erroneous reporting by AQUILA/KCPL on sales tax returns, Cass County had been wrongly paid $966,692.35 in local sales tax revenue and that these funds should have been distributed to the City of Lee's Summit. Director further informed Cass County that the erroneous distribution would be corrected over a three-year period beginning July 1, 2014, by withholding each month a specified amount of sales tax revenue collected by Director and owing to Cass County.

On June 27, 2014, Cass County filed its petition seeking a writ of prohibition prohibiting Director from withholding any sales tax funds owing to Cass County. It alleged that nothing in section 32.087, RSMo Cum. Supp. 2013, which governs local sales taxes procedures and duties of the director of revenue, or chapter 144, which governs state sales taxes, confers authority on Director to withhold sales tax funds owing to a Missouri political subdivision. Cass County further alleged that chapters 32 and 144 do not provide an administrative remedy to it; therefore, section 536.150, RSMo 2000, which provides equitable relief for erroneous decisions in non-contested administrative cases, provides that Director's decision may be reviewed by suit for prohibition.

The trial court entered a preliminary order in prohibition. Thereafter, Director filed an answer and a motion to quash the preliminary writ and dismiss the petition. Director argued,

---

[1] Because the issue of whether prohibition is appropriate in this case is dispositive, Director's argument that the judgment was barred under the doctrine of res judicata need not be addressed and the background facts relevant to the issue are not set out.

2

inter alia, that it had authority under section 32.087.6, to determine the correct amount of local sales taxes to be disbursed to local taxing entities. That statute provides, in relevant part:

> On and after the effective date of any local sales tax imposed under the provisions of the local sales tax law, the director of revenue shall perform all functions incident to the administration, collection, enforcement, and operation of the tax, and the director of revenue shall collect in addition to the sales tax for the state of Missouri all additional local sales taxes authorized under the authority of the local sales tax law.

Director further argued that Cass County had an adequate remedy to review Director's decision.

In response to Director's motion, Cass County argued in its suggestions in opposition that Director's decision to correct an erroneous distribution of local sales taxes is actually a administrative decision that Cass County must refund money previously collected as sales tax and that section 144.190, RSMo Cum. Supp. 2013, made applicable to local sales taxes by section 32.087.7, provides the exclusive remedy for refunding sales taxes erroneously computed or collected. Specifically, Cass County contended that under section 144.190, a refund is not allowed unless a claim for refund is filed with Director and that KCPL must file such claim before Director can do anything further.

On December 31, 2014, the trial court entered its judgment making permanent the writ of prohibition prohibiting Director from taking any action to recover from Cass County funds that Director found to have been overpaid to it because of local sales tax reporting errors by KCPL unless and until KCPL files an application for refund under section 144.190. This appeal by Director followed.[2]

---

[2] Initially, Cass County contends that this appeal falls within the exclusive appellate jurisdiction of the Missouri Supreme Court because it involves "the construction of the revenue laws of this state." MO. CONST. art. V, § 3. "A 'revenue law' directly creates or alters an income stream to the government that imposes a tax or fee on property owned or used or an activity undertaken in that government's area of authority." *State ex rel. SGI Hotels, L.L.C. v. City of Clayton*, 326 S.W.3d 484, 487 (Mo. App. E.D. 2010)(citing *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 910 (Mo. banc 1997)). "A revenue law 'of the state' is a law adopted by the General Assembly to impose, amend or abolish a tax or fee on all similarly-situated persons, properties, entities or activities in this state, the proceeds of which are deposited in the state treasury." *Id.* (citing *Alumax*, 939 S.W.3d at 910). "A law that

3

**Prohibition**

Director contends that prohibition was not appropriate in this case. The writ of prohibition is an extraordinary remedy to be used with great caution and forbearance and only in cases of extreme necessity. *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991); *State ex rel. Bugg v. Daniels*, 274 S.W.3d 502, 503 (Mo. App. W.D. 2008). A writ of prohibition does not issue as a matter of right; whether a writ should be issued is left to the court's discretion. *State ex rel. Washington Univ. v. Richardson*, 396 S.W.3d 387, 391 (Mo. App. W.D. 2013); *Daniels*, 274 S.W.3d at 503. A court may issue a writ of prohibition when the facts and circumstances of the case demonstrate unequivocally that an extreme necessity for preventative action exists. *Richardson*, 396 S.W.3d at 391. Consequently, the appellate court reviews the issuance of a writ for abuse of discretion. *Id.*

The essential function of prohibition is to correct or prevent an inferior court or agency from acting without or in excess of its jurisdiction. *Keeter*, 804 S.W.2d at 752; *Richardson*, 396 S.W.3d at 391. Prohibition cannot be used as a substitute for an appeal. *Keeter*, 804 S.W.2d at 752. Because prohibition is a powerful writ, directing the body to cease further activities, its use has been limited to "three, fairly rare, categories of cases." *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n*, 969 S.W.2d 218, 221 (Mo. banc 1998). Prohibition lies where (1) a judicial or quasi-judicial body lacks personal jurisdiction over a party or lacks jurisdiction over the subject matter it is asked to adjudicate; (2) a lower tribunal lacks the power to act as contemplated; and (3) a litigant may suffer irreparable harm or where an important question of

---

raises revenue only within a single political subdivision for the benefit of that political subdivision at the direction of the legislative body or the voters of the political subdivision is not a revenue law 'of the state.'" *Id.* (citing *Alumax*, 939 S.W.3d at 910). The statutes at issue in this case do not impose, amend or abolish any taxes. They involve the procedure for collection, refund, and disbursement of local sales taxes. *See* §§ 32.087; 144.190. They are not revenue laws of this state, therefore, the Supreme Court does not have exclusive jurisdiction of this case.

4

law decided erroneously would otherwise escape review on appeal and the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision. *Id.*; *Daniels*, 274 S.W.3d at 503. If an adequate remedy of appeal exists, prohibition will be denied. *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547, 549 (Mo. banc 1990); *Daniels*, 274 S.W.3d at 503.

Prohibition did not lie in this case because Cass County had an adequate remedy of appeal. Cass County petitioned the trial court for a writ prohibiting Director from withholding sales tax revenue from it to correct an overpayment. It sought a writ of prohibition under section 536.150, which provides in pertinent part, "When any administrative officer or body…shall have rendered a decision which is not subject to administrative review…and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action." Director argued that prohibition was not available because Cass County had an adequate remedy to review Director's decision. On the merits of the case, Director argued that his authority to correct the overpayment came from the broad grant of authority in section 32.087.6. Cass County claimed that Director could not seek a refund of sales tax funds from it until the procedures of section 144.190 were followed.

Chapter 32 sets out the powers and functions of the Department of Revenue. Specifically, sections 32.085 and 32.087 govern the duties of the director of revenue regarding local sales taxes. Subsection 7 of section 32.087 provides that "[a]ll applicable provisions contained in sections 144.010 to 144.525 governing the state sales tax…shall apply to the collection of any local sales tax imposed under the local sales tax law except as modified by the local sales tax law." Indeed, it is under this subsection that Cass County argued that the

5

procedures of section 144.190 should have been followed before Director issued his June 16, 2014 decision that Cass County must refund money previously collected as sales tax. Chapter 144 includes section 144.261 providing for review by the administrative hearing commission (AHC) of final decisions of the director of revenue under the chapter:

> Final decisions of the director under the provisions of this chapter are reviewable by the filing of a petition with the administrative hearing commission in the manner provided in section 621.050; except that, notwithstanding the provisions of section 621.050 to the contrary, such petition must be filed within sixty days after the mailing or delivery of such decision, whichever is earlier.

Section 621.050, RSMo 2000, governs appeals from the director of revenue. *Gettler v. Dir. of Revenue*, 411 S.W.3d 339, 343 (Mo. App. W.D. 2013). It provides that "any person or entity shall have the right to appeal to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director of revenue." § 621.050.1. The review is commenced by the filing of a petition with the AHC. *Id.*; *Gettler*, 411 S.W.3d at 343. Under section 621.050.2, "[t]he procedures applicable to the processing of such hearings and determinations shall be those established by chapter 536." "Thus, under section 621.050, the general assembly gave the AHC the power to review the Director's decision." *Gettler*, 411 S.W.3d at 343-44. The AHC's decision is then subject to judicial review in the court of appeals or supreme court under section 621.189, RSMo Cum. Supp. 2013.

Cass County acknowledges the right to review Director's refund decisions by the AHC under section 144.261 but argues that it is triggered only by Director's action on an application for refund or credit and because no application for refund was made by KCPL, no matter was pending before Director to determine. The parties framed the issue in this case, Director's authority for its June 16, 2014 decision under provisions in Chapters 32 and 144. Though Director denies that section 144.190 is applicable in this case, Cass County argues that it is and

6

that Director violated the statute in determining that future sales tax revenue would be withheld from Cass County to correct past erroneous distributions. Director's decision is necessarily a decision under the provisions of chapter 144. Contrary to Cass County's assertion in its petition for writ of prohibition, Chapters 32 and 144 do provide an adequate remedy of appeal to it.

Even if the refund provisions of Chapter 144 do not apply to this case, as asserted by Director, section 621.050.1 itself provides a remedy of appeal from the June 16, 2014 finding or decision made by Director. By the express provisions of that statute and section 621.189, a decision of the director of revenue is subject to administrative review by the AHC and final decisions of the AHC under section 621.050 are subject to review by the court of appeals or supreme court. *In re Wright*, 397 S.W.3d 924, 927 (Mo. App. S.D. 2013). Contrary to Cass County's claim that the trial court had authority to review the initial decision of Director under 536.150, section 536.150 by its terms is limited to "[w]hen any administrative officer or body…shall have rendered a decision which is not subject to administrative review…and there is no other provision for judicial inquiry into or review of such decision." Section 621.050.1 provides for review of a decision of Director, and section 536.150 does not apply. *See City of Chesterfield v. Dir. of Revenue*, 811 S.W.2d 375 (Mo. banc 1991)(procedural posture of case where Director of Revenue denied city's request to begin distribution of sales tax receipts to it on point of sale basis as opposed to population basis was appeal to the AHC under section 621.050 and then judicial review by Missouri Supreme Court under section 621.189).[3]

---

[3] *But see City of Ellisville v. Lohman*, 972 S.W.2d 527 (Mo. App. E.D. 1998)(where in a case involving Director of Revenue's distribution of county sales taxes under section 66.620 and 66.630, action was brought by a petition for declaratory judgment). Significantly, before filing its petition for declaratory judgment, the City of Ellisville initially sought a writ of mandamus to compel Director to distribute sales tax receipts in accordance with applicable statutes. *City of Ellisville v. Dir. of Revenue*, 800 S.W.2d 451 (Mo. banc 1990). The trial court granted the writ commanding Director to make future distributions in accordance with amended law and to account for distributions previously made under the old formula. *Id.* at 451-52. However, the Missouri Supreme Court ordered the writ quashed finding the case was moot with regard to method of distribution and the question of an accounting was inappropriate for a mandamus action. *Id.* at 452.

7

The facts of this case did not demonstrate an extreme necessity for preventative action. Cass County had an adequate remedy of appeal available to it.[4]  The trial court abused its discretion in issuing the permanent writ of prohibition.  The judgment of the trial court is reversed, and the case is remanded for entry of an order quashing the writ of prohibition.

VICTOR C. HOWARD, JUDGE

All concur.

---

[4] The record is unclear whether the June 16, 2014 decision contained a notice of the right to appeal as required by section 621.050.1.  If it did not, Director is ordered to reissue the decision with the required notice.