Filed: October 23, 2018 Motion for Rehearing and/or Transfer to Supreme Court Denied December 3, 2018 Application for Transfer to Supreme Court Denied January 29, 2019
ROBERT G. DOWD, JR., Judge *204 Deborah Lehmann ("Appellant") appeals from the trial court's order and judgment dissolving a preliminary writ and dismissing her application for writ of prohibition against Fox C-6 School District ("District"). We reverse and remand to the trial court with instructions to dismiss the application for writ of prohibition without prejudice because Appellant has an adequate remedy of appeal under the Missouri Teacher Tenure Act and the Missouri Administrative Procedures Act.
The parties do not dispute that Appellant was a tenured teacher at the time of the events alleged in this case. She had been employed by the District for over twenty-five years and was working as a speech-language pathologist when she was served by the District with a "Statement of Charges" alleging she willfully and persistently violated and failed to obey state law and school board policies. Thereafter, she filed an application for writ of prohibition in the trial court seeking a writ prohibiting the District from going forward with a hearing on the Statement of Charges until the District provided citations to the exact provisions of law that Appellant was charged with violating. Appellant claimed that the failure to specify with particularity the grounds alleged to exist for termination prevented her from preparing a defense and thereby violated her due process rights.[1] The trial court entered a preliminary order in prohibition and granted the District thirty days to file an answer. After filing its answer, the District also served Appellant with a "Revised Statement of Charges," which Appellant claimed were still legally insufficient. Following a hearing, the trial court found the Revised Statement of Charges to be appropriately specific, dissolved the preliminary writ and dismissed Appellant's application for writ of prohibition. This appeal follows.
Appellant makes two claims on appeal. First, she claims that the trial court erred in dissolving the preliminary writ and not making it permanent in that the District lacks authority to proceed under the Teacher Tenure Act because its Revised Statement of Charges did not cite the particular provisions of law purportedly violated for each allegation and therefore the District failed to serve the Appellant with "written charges specifying with particularity" the alleged grounds for termination of the contract.[2] Second, Appellant claims the trial court erred in dissolving the preliminary writ and not making it permanent because the Revised Statement of Charges is fatally vague in that it did not cite the particular provision of law purportedly violated for each allegation, and she cannot *205 therefore prepare a defense, violating her due process rights.
"Although denials of writ applications are generally not appealable, when a preliminary writ has been issued by the circuit court, and the preliminary writ is then quashed, the order quashing the writ is generally an appealable final judgment." State ex rel. Rosenberg v. Jarrett , 233 S.W.3d 757, 761 (Mo. App. W.D. 2007). "Because the disposition of the underlying writ request is discretionary, the matter is reviewed on appeal only to determine whether the circuit court abused its discretion in quashing the writ." Id.
"The writ of prohibition is an extraordinary remedy to be used with great caution and forbearance and only in cases of extreme necessity." State ex rel. Cass County, Missouri v. Mollenkamp , 481 S.W.3d 26, 29 (Mo. App. W.D. 2015). A writ of prohibition does not issue as a matter of right but is issued at the court's discretion. Id. "A court may issue a writ of prohibition when the facts and circumstances of the case demonstrate unequivocally that an extreme necessity for preventative action exists." Id.
"The essential function of prohibition is to correct or prevent an inferior court or agency from acting without or in excess of its jurisdiction." Id. Prohibition is not a substitute for an appeal and has been limited to "three, fairly rare, categories of cases," including where: "(1) a judicial or quasi-judicial body lacks personal jurisdiction over a party or lacks jurisdiction over the subject matter it is asked to adjudicate; (2) a lower tribunal lacks the power to act as contemplated; and (3) a litigant may suffer irreparable harm or where an important question of law decided erroneously would otherwise escape review on appeal and the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision." Id. (internal quotation marks omitted). Prohibition will be denied if an adequate remedy of appeal exists. Id. Here, Appellant claims the District lacked the statutory authority to act as contemplated because it did not issue a Statement of Charges that cited the specific provisions of law violated by Appellant, but we do not reach the merits of Appellant's claims. Finding an adequate remedy of appeal exists, we reverse and remand with instructions to dismiss this action without prejudice.
Appellant has a statutory remedy of appeal available under Section 168.120 of the Missouri Teacher Tenure Act and Section 536.100 of the Missouri Administrative Procedures Act. Under the Teacher Tenure Act, "[t]he teacher shall have the right to appeal from the decision of the board of education to the circuit court of the county where the employing school district is located," and "[s]uch appeal shall be heard as provided in chapter 536." Sections 168.120.1 and 168.120.2; see also Soward v. Mahan , 926 S.W.2d 138, 143 (Mo. App. E.D. 1996) ("Judicial review of a school board's decision to terminate a teacher is governed by Chapter 536."). Section 536.100 of the Administrative Procedures Act also provides that "[a]ny person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof...."[3]
*206 The Teacher Tenure Act also explicitly provides for the further appeal from the circuit court "in the same manner as in civil actions." Section 168.120.3. In addition, "[i]f the circuit court finds for the teacher, [the teacher] shall be restored to permanent teacher status and shall receive compensation for the period during which [the teacher] may have been suspended from work, and such other relief as may be granted by the court." Section 168.120.4.
With respect to Appellant's specific claims, under Section 536.140.2, a reviewing court may consider whether the action of an agency:
(1) Is in violation of constitutional provisions;
(2) Is in excess of the statutory authority or jurisdiction of the agency;
(3) Is unsupported by competent and substantial evidence upon the whole record;
(4) Is, for any other reason, unauthorized by law;
(5) Is made upon unlawful procedure or without a fair trial;
(6) Is arbitrary, capricious or unreasonable;
(7) Involves an abuse of discretion.
Accordingly, on appeal, a reviewing court can consider the questions raised by Appellant in her application for writ of prohibition, including whether the Revised Statement of Charges violated her due process rights and whether the school District acted in excess of its statutory authority given the alleged legal deficiencies in the Revised Statement of Charges. A reviewing court can further address whether a decision to terminate was made upon an unlawful procedure given the alleged deficiencies in the Revised Statement of Charges or whether the decision is, for any other reason, unauthorized by law.
In fact, in Hellmann v. Union School District , 170 S.W.3d 52, 59 (Mo. App. E.D. 2005), a teacher appealed from a school board's termination of her contract, and this Court specifically addressed a very similar claim to those raised by Appellant here. In particular, this Court in Hellmann considered whether the board erred when it terminated the teacher's contract because the written charges pursuant to the Teacher Tenure Act "failed to identify the specific provisions of [board] policy and State special education laws that she allegedly willfully and persistently violated." Id. at 63. Just as the teacher's claims in Hellmann were addressed by this Court on appeal, Appellant has an adequate remedy of appeal for her claims in this Court in the event her contract is in fact terminated and the termination is upheld in the circuit court.
Appellant argues that the District's authority to terminate Appellant's contract is conditional upon its compliance with the Teacher Tenure Act with respect to the Statement of Charges, and therefore, the existence of a statutory right of appeal is no bar to prohibition. To support her position, Appellant cites State ex rel. Marler v. State Board of Optometry , 898 S.W.2d 559 (Mo. App. W.D. 1994), in which an optometrist filed a writ of prohibition to prevent the State Board of Optometry from disciplining his certificate to practice optometry. The statute at issue in Marler made the board's power to place a certificate on probation conditional on the Administrative Hearing Commission's independent determination that cause existed to discipline *207 the certificate. Id. at 562. In that case, there was nothing in the Commission's order to suggest that the Commission did, in fact, determine that the board had cause to place discipline Marler's certificate. Id. The Western District ultimately held that board did not have authority to seek further discipline of Marler's certificate because the condition precedent-the Commission's independent determination that cause for discipline existed-was not satisfied. Id. Because the board sought to exceed its authority, prohibition was appropriate. Id. at 562-63.
The facts and circumstances of this case do not demonstrate an extreme necessity for preventative action. Appellant has an adequate remedy of appeal. The case is reversed and remanded to the trial court with instructions to dismiss the application for writ of prohibition without prejudice because Appellant has an adequate remedy of appeal under the Missouri Teacher Tenure Act and the Missouri Administrative Procedures Act.
Appellant also claimed in her writ application that the District failed to compel its counsel to turn over certain notes from meetings held in the course of investigating Appellant's conduct as well as a statement prepared by another District employee in the course of investigating Appellant's conduct, but the trial court's judgment indicates this particular issues was resolved, and this argument is not raised on appeal.
Section 168.116 of the Tenure Teacher Act provides that "[t]he indefinite contract of a permanent teacher may not be terminated by the board of education until after service upon the teacher of written charges specifying with particularity the grounds alleged to exist for termination of such contract, notice of a hearing on charges and a hearing by the board of education on charges if requested by the teacher" (emphasis added).
In Brown v. Weir , 675 S.W.2d 135, 142 (Mo. App. E.D. 1984), this Court found that Chapter 536 applies to the decision of a board of education to dismiss a teacher. In particular, we noted that the terms "decision," "agency" and "contested case" are statutorily defined in Section 536.010 and concluded that a board's dismissal of a teacher is a "decision" of an "agency" in a "contested case," such that Chapter 536 provides for an adequate judicial review of such a decision. Id.